In the Matter of the Designation of H. FORD SCHERMERHORN as a Candidate for a Party Position, to Fill a Vacancy Caused by the Disqualification of the Person Originally Designated as a Candidate for Such Party Position.

Supreme Court, Albany County, September 1, 1931.

*Borden H. Mills*, for the petitioners.

*George W. Greene*, for the respondents.

RUSSELL, J. This motion comes before me for an order directing and requiring the board of elections to retain on file and accept a certain certificate heretofore filed with Clarence V. R. Pitts, one of the members of the board of elections and the secretary thereof, designating H. Ford Schermerhorn as a candidate for election to the party position of member of the Republican county committee in and from the first election district of the fourteenth ward of the city of Albany, and further ordering and directing that the said board insert the name of H. Ford Schermerhorn as a candidate for such party position on the ballots to be used at the primary election to be held on the 15th day of September, 1931.

It appears from the moving papers that Frederick J. Zeller had been duly designated for said party position pursuant to law and was disqualified, because he did not reside in the first Assembly district in the city of Albany. The committee on vacancies then designated Arthur E. Walker as a candidate for said party position in place and stead of said Frederick J. Zeller on the 25th day of August, 1931. Walker's certificate of designation was filed with the board of elections. After the filing of Walker's certificate on the 25th day of August, 1931, the committee on vacancies learned that Walker was disqualified because he was not an enrolled voter. Late in the evening of August 25, 1931, the committee on vacancies then designated H. Ford Schermerhorn as a candidate for such party position.

At the time the designation of H. Ford Schermerhorn was filed with the board of elections no action on the certificate designating Arthur E. Walker had been taken by the board.

On August 26, 1931, Joseph H. Remmey, one of the respondents herein, presented to the board of elections written objections to the designation of Arthur E. Walker. Said objections were considered by the board of elections on the 27th day of August, 1931, and the

objections were sustained.  On the 26th of August, 1931, Joseph H. Remmey also filed objections to the certificate designating H. Ford Schermerhorn.  On the 28th day of August, 1931, a hearing by said board was held on the objections to the designation of H. Ford Schermerhorn and after said hearing his name was stricken from the records and files in the office of the board of elections for the party position above mentioned.

The committee on vacancies claims that it was necessary to designate H. Ford Schermerhorn on the 25th day of August, 1931, before the board had acted upon the designation of Arthur E. Walker.

Section 139 of the Election Law reads in part as follows: "A vacancy in a designation or nomination, caused by declination, where a declination is permitted by this article, or by the death or disqualification of the candidate, or by a tie vote at a fall primary or at an unofficial primary held for the nomination of candidates for city offices to be filled at a time other than that of the general election, may be filled by the making and filing of a certificate, setting forth the fact and cause of the vacancy, the name of the original candidate, if any, and the name, address and occupation of the candidate newly designated or nominated."

Subdivision 3 of section 140 of the Election Law reads as follows: "A certificate to fill a vacancy in a designation caused by declination shall be filed not later than the third Tuesday preceding the primary election."

It is plain from a reading of these two sections that it was the intent of the Legislature not to put a time limit upon the filing of a certificate to fill a vacancy in a designation caused by the death or disqualification of a candidate.  The only time limit for the filing of a designation to fill a vacancy is that caused by declination.

I am of the opinion that the committee on vacancies should have waited to fill the vacancy caused by the disqualification of Walker until an official finding of the board of elections had been made. Walker's designation was officially valid until declared void by the board.  The filing of H. Ford Schermerhorn's designation to fill the vacancy caused by the disqualification of Walker was premature and, therefore, void.  There could not be two designations for the same party position filed to fill one vacancy.

From a reading of the statutes, I see nothing that will preclude the committee on vacancies from now filing a certificate to fill the vacancy in the designation of Walker caused by disqualification as such time will be subsequent to the ruling of the board of elections upon the certificate which designated Walker.

Motion denied, without costs.  Submit order.