Edward S. Conway, J.
This is a reargument of a motion in a proceeding brought pursuant to section 330 of the Election Law and article 78 of the CPLR for the purpose of reviewing a determination of the Secretary of State in which the nominating petitions filed for an independent body, nominating the petitioner, were declared invalid for lack of the required number of valid signatures, and on the further ground that the certificate of acceptance filed by the petitioner was untimely.
This court, after the trial, found that the petitioner had validated sufficient signatures to his nominating petition to bring the number of valid signatures up to the statutory required number of 3,500. The respondents did not take an exception to this finding.
There then remained the sole question of law as to whether or not the Secretary of State should be ordered to accept the petitioner’s certificate of acceptance and to certify the name of the petitioner as a candidate to be placed on the official ballots and voting machines for the general election to be held November 7, 1972 as a candidate of the New Independent Party for the public office of Representative in Congress, 26th Congressional District of the State of New York.
This court, after the trial, found that the petitioner had failed to show the court adequate excuse for his failure to comply with the requirements of the statute. This court stated from the Bench that it could see no possibility of enforcing the numerous time limits of the Election Law if courts are to relieve persons who fail to make timely filings of such matters as the acceptance of nomination by an independent body. This court' further stated that courts must insist that acceptances be timely filed in a form that conforms to the statutory requirements, including the requirement of an acknowledgment as is required by subdivision 1 of section 139 of the Election Law for the acceptance of an independent nomination. Otherwise, the courts would be flaunting the statutory requirement for an acknowledgment. This court therefore granted the motion of the respondents to dismiss the petition in this proceeding and the order to show cause bringing it on to be heard.
After the decision following the trial, this court granted a request for a reargument based upon a contention of the petitioner that this court had not given adequate consideration to the decision in the Matter of Bates v. Beyer (36 A D 2d 735).
*599 The testimony of the petitioner, which was not refuted, was that he filed his petition timely on August 31, 1972. That he received a letter from the Secretary of State’s office on September 1, notifying him of the requirement to file a certificate of acceptance on or before September 5. That he mailed to the Secretary of State a letter of acceptance on his law office stationery with his letterhead at the top and his signature at the bottom. That September 1 was a Friday, that September 2 was a Saturday, September 3 was a Sunday and September 4 was a Monday legal holiday and that Tuesday, September 5 was the next business day when the Secretary of State’s office was open. That he or his office called the Secretary of State’s office two or three times that day but could get no advice as to whether or not the letter was received. That that night he became concerned and looked at some books in his home and talked to someone and became aware for the first time that the acceptance should have been acknowledged. The next day, September 6, he had personally delivered to the Secretary of State an acknowledged acceptance, proper in form. He later learned that his unacknowledged letter of acceptance was received by the Secretary of State’s office on September 5.
Petitioner admitted in his testimony that he was, as a lawyer, generally familiar with the Election Law, that he had been a candidate in the Republican primary for the same office this year, and that he did accept the Conservative Party nomination by an acknowledged acceptance for the same office this year, but that all of the details were handled by the Conservative Party people for him.
Subdivision 12 of section 143 of the Election Law provides in part as follows: “ The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter shall be a fatal defect.” (Italics supplied.) The quoted sentence was added by chapter 529 of the Laws of 1969, effective May 10,1969.
The Appellate Division, Second Department, in the Matter of Bates v. Beyer (36 A D 2d 735, supra) stated: “ We agree with Special Term that the 1969 amendment to subdivision 12 of section 143 of the Election Law, making late filing a 6 fatal defect ’, did not take away the court’s discretionary powers in matters such as the one at bar (Election Law, § 330).”
In the Bates case, the lower court held that the petitioner acted in good faith and made every effort to comply with sub *600 division 1 of section 139 of the Election Law by sending a telegram to the Village Clerk on the last day upon which to file his acceptance.
In a decision from the Bench following the reargument, this court expressed an opinion that this court is bound by the decision of the Appellate Division, Second Department, in the Bates case which established the criteria to be one of “ good faith ” and ‘ every effort to comply ’ ’ and that if sending a telegram met that requirement, the petitioner in this case, certainly met the requirements of “ good faith ” and “ every effort to comply ”. This court felt constrained to follow the decision in the Bates case.
This court then granted and now grants the petitioner’s motion to vacate the prior decision, order and judgment based thereon and granted and now grants the relief demanded in the original petition herein and directed and now directs the petitioner to submit to this court a proposed order and judgment consistent herewith at his earliest possible convenience, if he has not already done so, in order that there will be no delay of the appeal to the Appellate Division, Third Department, which is scheduled for this Thursday, October 5, 1972 at 11:00 a.m.