### (October 31, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD GORDON, Appellant.— Order of the Supreme Court, Kings County, entered May 10, 1972, and judgment of the same court, rendered October 5, 1972, affirmed (cf. *People* v. *Mulligan*, 29 N Y 2d 20, 23; *People* v. *Cavalieri*, 29 N Y 2d 762; *People* v. *Capio*, 39 A D 2d 555). Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.

### THIRD DEPARTMENT, OCTOBER, 1972

### (October 5, 1972)

■ In the Matter of MICHAEL LE SAWYER, Appellant, v. COMMISSIONERS OF ELECTIONS OF COLUMBIA COUNTY et al., Respondents.— Judgment, Supreme Court, Columbia County, entered on September 29, 1972, affirmed, without costs. No opinion. Herlihy, P. J., Sweeney, Simons, Kane and Reynolds, JJ., concur.

■ In the Matter of ANN L. MONROE, Appellant, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered October 2, 1972 in Albany County, in a proceeding pursuant to section 330 of the Election Law, which dismissed petitioner's application to compel the Secretary of State to file a certificate of acceptance of her nomination as the Economy Party candidate for the Office of State Senator. The failure to timely file a certificate of acceptance as required by subdivision 15 of section 149-a of the Election Law is, under the present circumstances, a fatal defect and the court has no discretionary power to excuse such defect. (Election Law, § 143, subd. 12; cf. *Matter of Bates* v. *Beyer*, 36 A D 2d 735.) Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Simons, Kane and Reynolds, JJ., concur.

■ In the Matter of YALE RAPKIN, Respondent, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered October 3, 1972 in Albany County, in a proceeding pursuant to section 330 of the Election Law, which granted petitioner's application to compel the Secretary of State to place his name on the ballot as an independent candidate of the New Independent Party for the office of representative in Congress for the 26th Congressional District. Respondent failed to file an acceptance of nomination in the form prescribed by subdivision 1 of section 139 of the Election Law in that his purported acceptance was not in certificate form nor was it acknowledged. However, it was timely filed. The court below properly exercised its discretion in granting respondent relief for his failure to comply with the said section (*Matter of Bates* v. *Beyer*, 36 A D 2d 735.) Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Simons, Kane and Reynolds, JJ., concur.