■ In the Matter of JANE RAMOS, Individually and On Behalf of All Other Enrolled Members of the Democratic Party Similarly Situated, Respondent, v. HOWARD ALPERT et al., Constituting the Board of Elections of the County of Albany, Respondents; DANIEL O'CONNELL, as Chairman of the County Committee of the Democratic Party of Albany County, et al., Intervenors, and JOSEPH C. FRANGELLA, as Chairman of the Republican Party of Albany County, Intervenor-Respondent. (Proceeding No. 1.) In the Matter of DAVID SAWYER, Individually and On Behalf of All Other Enrolled Members of the Democratic Party Similarly Situated, Respondent, v. HOWARD ALPERT et al., Constituting the Board of Elections of the County of Albany, Respondents; DANIEL O'CONNELL, as Chairman of the County Committee of the Democratic Party of Albany County, et al., Intervenors-Appellants, and JOSEPH C. FRANGELLA, as Chairman of the Republican Party of Albany County, Intervenor-Respondent. (Proceeding No. 2.) In the Matter of JOSEPH C. FRANGELLA, as Chairman of the Albany County Republican Committee, Respondent, v. HOWARD ALPERT et al., Constituting the Board of Elections of the County of Albany, Respondents. (Proceeding No. 3.) — Appeal from a judgment of the Supreme Court at Special Term, entered May 29, 1973 in Albany County, which: (1) permitted respondent Frangella to intervene in Proceeding Nos. 1 and 2; (2) vacated a judgment dated May 11, 1973; and (3) denied appellants' motions to designate the 14 appellant candidates as aldermanic candidates or, in the alternative, to direct a write-in primary for Democratic candidates for alderman. Proceeding Nos. 1 and 2 were brought by independent Democratic candidates Ramos and Sawyer pursuant to CPLR article 78 to compel the Albany County Board of Elections to accept designating petitions submitted on their behalf. Proceeding No. 3 was brought pursuant to section 330 of the Election Law to compel the board to accept petitions submitted on behalf of certain Republican aldermanic candidates and petitions for opportunity to ballot in the Republican primary. The Chairman of the County Democratic Party was permitted to intervene in Proceeding Nos. 1 and 2 on behalf of his party's 16 aldermanic candidates. The three proceedings were heard together at Special Term and by decision dated May 1, 1973, the court found that all previously rejected designating petitions should be considered by the Board of Elections. The essence of the court's decision was that the new subdivision 33 of section 149-a of the Election Law (L. 1973, ch. 26) did not apply to the City of Albany aldermanic elections because the city had not "commenced" a proceeding "apportionment or districting plan" prior to February 2, 1973, and, therefore, all petitions previously presented to the Board of Elections were to be considered in the same manner as it would have considered them had subdivision 33 of section 149-a of the Election Law not been enacted. On or about May 4, 1973 respondents Ramos and Sawyer entered a judgment implementing Mr. Justice Conway's decision on their behalf and on May 7, 1973 a judgment was entered implementing the decision on behalf of the Republican candidates. The Board

of Elections appealed from these judgments and by decision of this court dated May 8, 1973 we affirmed the judgments. Subsequently, on May 16, 1973, the Court of Appeals denied leave to appeal. On May 11, 1973 a judgment was entered implementing Mr. Justice Conway's decision on behalf of the 16 regular Democratic candidates which directed the Board of Elections to file *nunc pro tunc* all petitions presented on behalf of these candidates. Subsequently to Mr. Justice Conway's decision the various news media reported numerous instances of alleged irregularities in the petitions initially submitted on behalf of the 16 regular Democratic candidates, including allegations that the names of the aldermanic candidates were added after signatures on the petitions had been obtained. On May 14 and 15 new petitions were circulated on behalf of the 16 regular Democratic candidates. These petitions were filed with the Board of Elections on May 16, but were rejected by the board as not being timely filed. Thereafter, on May 19, 1973 the Chairman of the Albany County Republican Committee, originally the petitioner in Proceeding No. 3, moved to (1) intervene in Proceeding Nos. 1 and 2; (2) reargue the May 11 judgment; (3) invalidate the initial petitions submitted in behalf of the 16 regular Democrats; and (4) direct the Board of Elections not to accept the second set of petitions filed on behalf of the 16 regular Democrats on May 16, 1973. The appellants, although conceding that the names of the 16 regular Democratic aldermanic candidates had been inserted on the designating petitions for city-wide office after the petitions had been signed, opposed respondent Frangella's motion contending that he did not have standing to intervene and requested an order directing the Board of Elections to accept the designating petitions filed on May 16 on behalf of 14 regular Democratic aldermanic candidates and, in the alternative, for an order directing a write-in primary for Democratic aldermanic candidates.* By decision dated May 26, 1973 the court permitted the intervention of the Chairman of the Albany County Republican Committee, vacated its earlier judgment of May 11, 1973, directed the Board of Elections to refuse to accept the aldermanic petitions which were part of the petitions for city-wide office and the designating petitions filed in behalf of 14 regular Democratic aldermanic candidates on May 16, 1973 and denied the request for a write-in primary for Democratic aldermanic candidates. A judgment was entered on this decision and the present appeal ensued. Because he is not an aggrieved candidate nor has he filed objections to the challenged designating petitions, the respondent Frangella would not have standing to challenge the validity of the designating petitions under subdivision 1 of section 330 of the Election Law. However, under the peculiar facts of this controversy in which there was initially great confusion as to whether there would be a primary election conducted followed by the specter of having a primary based on what were ultimately conceded to be invalid designating petitions, we find that the court below properly permitted respondent Frangella to intervene in Proceeding Nos. 1 and 2, at least to the extent of moving to reargue and vacate the judgment of May 11 which directed the Board of Elections to accept *nunc pro tunc* the designating of the regular Democratic candidates. The Political Calendar for 1973 (Election Law, § 149–a) sets the last day for filing designating petitions as April 12, 1973 (subd. 4) and for filing for a write-in primary as April 19, 1973 (subd. 7). In these proceedings neither date has been met. However, in the exercise of judicial discretion, the court may, for just and reasonable cause, permit late filing of designating petitions (*Matter of Lauer* v.

---

* The designating petitions in behalf of the two Democratic aldermanic candidates opposing the independent Democrats Ramos and Sawyer are not here challenged.

*Board of Elections of City of New York,* 262 N. Y. 416) or direct a write-in primary (*Matter of Hunting* v. *Power,* 54 Misc 2d 120, affd. 28 A D 2d 826, affd. 20 N Y 2d 680). Here, the foreclosure of the rights of the enrolled Democratic electorate, as well as the rights of the Democratic candidates, to express their choice as to whom their candidates should be and to have the opportunity to be chosen as party candidates, respectively, in this unusual situation would contravene the fundamental scheme of our election process. We, therefore, conclude that a write-in primary for Democratic aldermanic candidates is required to achieve justice. Judgment modified, on the law and the facts, by directing that a Democratic write-in primary be held on June 4, 1973 for the aldermanic offices involved herein, and, as so modified, affirmed, without costs. Motion for leave to appeal to the Court of Appeals granted, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

