Albert A. Oppido, J.
In this special proceeding, pursuant to section 330 of the Election Law and article 78 of the CPLR, judgment is granted the petitioners directing the respondents, Commissioners of Elections, to accept for late filing petitioners’ certificate of nomination and to place the petitioners on the ballot as the nominees of the Democratic Party for the office of County Court Judge in Nassau County.
On June 11, 1973, chapter 603 of the Laws of 1973 was signed into law, and among the provisions thereof was an amendment to subdivision 28 of section 182 of the Judiciary Law, effective July 1, 1973, increasing the number of Judges of the County Court of Nassau County from 9 to 12.
Subdivision 2 of section 30 of the Public Officers Law provides: “ When a new or an additional office shall be created, such office shall for the purpose of an appointment or election, be vacant from the date of its creation, until it shall be filled by election or appointment. ”
Subdivision 7 of section 131 of the Election Law enables a party nomination to fill a vacancy occurring after the primary by a majority of the County Committee if the office is not State-wide. (Cox v. Katz, 30 A D 2d 432, affd. 22 N Y 2d 903, cert. den. 394 U. S. 919; Matter of Adler v. Board of Elections of Westchester County, 57 Misc 2d 696.)
It is not disputed that in accordance with article 6-A of the Election Law that established the ‘ ‘ Political Calendar for Nineteen Hundred Seventy-Three ”, a certificate to fill a vacancy described in subdivision 7 of section 131 of the Election Law was required to be filed “ no later than August twenty-first [1973].” (Election Law, § 149-a, subd. 17, as amd. by L. 1973, ch. 26, § 2.)
It is also not disputed that petitioner, Nassau Democratic County Committee (hereinafter referred to as the “ County Committee ”), in accordance with subdivision 7 of section 131 of the Election Law, nominated petitioners, Baker, Collins and LaPera, as candidates of the Democratic Party for the three vacancies existing in the County Court of the County of Nassau. *889 Further, it is conceded that on September 5, 1973, a proper certificate of the nominations referred to above, together with acceptances of said nominations, in proper form and executed by each of the above-named petitioners, was filed with the Nassau County Board of Elections and that on September 6, 1973, the Nassau County Board of Elections refused to accept the certificate of nomination on the ground that it was untimely, not having been filed by August 21,1973.
Petitioners herein assert that the failure to timely file the certificate of nomination was inadvertent, unintentional and was the result of excusable default. In particular, they assert that due to delays in communication, and in ascertaining the eventual outcome of legislation enacted by the New York State Legislature in 1973 and sent to Governor Rockefeller for his approval or veto, petitioner, County Committee, was in good faith, unable to commence its required procedures for interviewing and selecting among prospective candidates for the three vacancies existing in the County Court of the County of Nassau. They also assert that at various times during the period of time between the enactment of chapter 603 of the Laws of 1973 and the communication of' its contents to petitioner, County Committee, and during the period in which prospective candidates were being interviewed and selected, discussions were also being held by officers of petitioner, County Committee, and the Nassau County Republican County Committee concerning agreement between them for mutual nomination of qualified candidates for the three County Court vacancies and for other judicial offices. The petitioners further declare that because of the time which elapsed during the above-mentioned processes and because of good faith, unawareness of the deadline enacted by the Legislature (Election Law, § 149-a, subd. 17, as amd. by L. 1973, oh. 26, § 2), the certificate of nomination of the individual petitioners was not filed by the petitioner, County Committee, before August 21,1973.
Respondents, Isabel Dodd and Marvin Christenfeld, as Commissioners of Elections of the County of Nassau and eonsituting the Nassau County Board of Elections, take no position with respect to those matters which may lie within the discretionary power of this court and they do not contest the power of this court to direct them to accept the certificate of nomination involved herein. The respondents, Richard C. Delin, Henderson W. Morrison and Alfred F. Samenga, interposed no objection to this court granting the relief sought by petitioners. Respondent, I. Stanley Rosenthal, filed only a notice of appearance. *890 Respondents, Jack Tenzer and Michael J. Rosenfeld, did not appear or file any papers in this proceeding. Only respondent, Joseph J. Filardi, opposed the relief sought herein. Mr. Filardi relying upon subdivision 12 of section 143 of the Election Law, argues that the failure on the part of petitioners to file the certificate of nomination by August 21, 1973 is a “ fatal defect ”. He also argues that the petitioners ’ claim of 11 excusable default ” is untenable.
Upon first impression it appears that respondent Filardi’s reliance upon subdivision 12 of section 143 of the Election Law, wherein the last .sentence states: ‘ ‘ The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter shall be a fatal defect ”, is well placed and that this court has no discretion to permit the late filing of the certificate sought by petitioners. However, the Appellate Division of this Department in Matter of Bates v. Beyer (36 A D 2d 735), expressly held that subdivision 12 of section 143 of the Election Law, making late filing a “ fatal defect”, did not take away the court’s discretionary powers pursuant to section 330 of the Election Law. (Accord, Matter of Rapkin v. Lomenzo, 71 Misc 2d 597, 599-600, affd. 40 A D 2d 727, affd. 31 N Y 2d 699; cf. Matter of Monroe v. Lomenzo, 40 A D 2d 727, affd. 31 N Y 2d 705; Matter of Quinn v. Power, 28 A D 2d 687, affd. 20 N Y 2d 682; Matter of Mahoney v. Power, 28 A D 2d 687, affd. 20 N Y 2d 682; see, also, Matter of Angarano v. Van Wart, 42 A D 2d 335.)
The rationale underlying these decisions is perhaps best expressed by Judge Crane in Matter of Lauer v. Board of Elections (262 N. Y. 416, 419):
“ The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, an equal chance and opportunity for every one to express his choice at the polls. It also seeks to give the parties and independent nominators equal facilities to present their candidates and issues a reasonable length of time before election day.
“ So that no unforeseen occurrence should upset this scheme of the law, section 330 of the Election Law provides that the Supreme Court, or any justice thereof, may determine any question arising in respect to the nomination of any candidate and make such order as justice may require. An accident may happen whereby a nominating certificate could not be filed on or before the last day. To reject such a certificate might make the *891 election one-sided, with no party nomination in opposition. To determine what would he the right thing to do under such circumstances, power must be placed somewhere, and the Legislature has said that the Supreme Court is to determine what justice requires in such a case. If the courts cannot be trusted to exercise such power carefully, with guarded discretion, and in the interest of all the electorate, who can be trusted? ” (Accord, Matter of Ramos v. Alpert, 41 A D 2d 1012, affd. 32 N Y 2d 903.)
Indeed, the Appellate Division, Third Department, in the Ramos case (supra), p. 1013), held that “ in the exercise of judicial discretion, the court may, for just and reasonable cause, permit late filing of designating petitions ”. In that case, as in the case at bar, confusion was caused by the uncertainty as to those who were to be the nominees and also because of the exigencies of the political calendar.
Moreover, nothing presented to this court, by either petitioners or respondents, has demonstrated that any prejudice would result by permitting each party its designees (see, e.g., Matter of Morasco v. Couzens, 71 Misc 2d 589, 593), but substantial prejudice could result to those voters who adhere to one parties’ label and principles who would not have a full slate of candidates for whom to vote. (See, e.g., Matter of Smith v. Board of Trustees of Vil. of Fort Edward, 1 A D 2d 908, affd. 1 N Y 2d 690; cf. Matter of Jawitz v. Dodd, 42 A D 2d 617.)
Furthermore, ‘ ‘ the rights of any candidate for the judiciary should be subject to the paramount interests of the public and the continuing prerogative of the Legislature to create judicial posts pursuant to constitutional mandate ”. (Mastrella v. Commissioners of Elections for Monroe County, 58 Misc 2d 31, 34.) Given the act of the Legislature in creating three additional judges for the County Court of the County of Nassau, the requested relief sought by petitioners will give the public the widest possible participation in the election for the office of Judge of the County Court.
Under the special circumstances of this case, there is clearly and obviously just and reasonable cause for the exercise of the judicial discretion vested in this court to permit the certificate in question to be filed. Indeed, it seems to this court that it would be a gross abuse of discretion to refuse to grant the relief sought. It is axiomatic that more confusion, and disruption of the elective process would be caused by denying this application than by granting it.
Accordingly, the respondents, Isabel Dodd and Marvin D. Christenfeld, as Commissioners of Elections of the County of *892 Nassau and constituting the Nassau County Board of Elections, are directed to accept the filing of the nominating certificate of the Nassau Democratic County Committee and the consent of the nominated candidates nunc pro tunc as of August 21,1973.