■   In the Matter of ROBERT E. BARNES, Appellant, v. JACK R. MURA-
TORI et al., Respondents.— In a proceeding to invalidate petitions designating
respondents Joan M. Durante and Harold Hyman as candidates of the
Republican, Democratic and Conservative Parties in the general election
to be held on November 6, 1973 for the public office of Justice of the Supreme
Court, Eleventh Judicial District, the appeal is from a judgment of the
Supreme Court, Queens County, entered August 31, 1973, which dismissed the
petition in the proceeding.   Judgment affirmed, without costs.   No opinion.
Hopkins, Acting P. J., Munder, Martusello and Shapiro, JJ., concur.

## (October 16, 1973)

■   In the Matter of MURRAY SCHWARTZ, Respondent, v. ALICE SACHS
et al., Constituting the Board of Elections of the City of New York, Appel-
lants.— In a proceeding pursuant to article 78 of the CPLR to compel the
Board of Elections of the City of New York to place on the ballot for the
general election to be held November 6, 1973 the names of stated persons as
candidates of the City Fusion Party for certain public offices, namely,
Donald Manes for President of the Borough of Queens, Nicholas Ferraro
for District Attorney of Queens County and Eugene Mastropieri for Council-
man-at-large in Queens County, said board appeals from an order of the
Supreme Court, Queens County, dated October 5, 1973, which granted the
application.   Order reversed, without costs, and proceeding remitted to Special
Term for a hearing and a new determination in accordance with the views
expressed herein.   While the failure to timely file a certificate of acceptance
or declination of a nomination as required by subdivision 15 of section 149-a
of. the Election Law is a fatal defect and the court has no discretionary
power to excuse such defect (Election Law, § 143, subd. 12; *Matter of Monroe
v. Lomenzo,* 40 A D 2d 727, affd. 31 N Y 2d 705), the Board of Elections
has a statutory obligation to " Forthwith upon the filing of a certificate of
nomination or a petition designating or nominating a person or persons
for public office   *   *   *   [to] mail .notice thereof to each such person.   Such
notice shall also state the last day to decline such designation or nomination "
(Election Law, § 144).   In the case at bar we are unable to ascertain upon
the record before us when the Board of Elections gave this required notice.
If it was given after the time to file a notice of acceptance, then of course
the failure to file the acceptance within the period set forth by the statute
cannot be considered a defect.   The failure to timely file an acceptance or
declination can only be considered a defect when the notice required by section
144 of the Election Law has been given by the Board of Elections prior to
the date set forth in subdivision 15 of section 149-a of the Election Law for
filing acceptances or declinations.   Where the board fails to give notice of
a nomination until after the date specified in subdivision 15 of section 149-a,
the candidate must *promptly* file an acceptance or declination, but is not bound
by the date specified in subdivision 15 of section 149-a.   Rabin, P. J., Hopkins,
Munder, Martuscello and Latham, JJ., concur.