### (September 5, 1974)

■ In the Matter of the CONSERVATIVE PARTY OF THE STATE OF NEW YORK et al., Respondents v. ARTHUR H. SCHWARTZ et al., Constituting the New York State Board of Elections, Appellants. (And Five Other Proceedings.) — Appeals from six separate judgments of the Supreme Court at Special Term, entered August 28, 1974 in Albany County, which, in proceedings pursuant to section 330 of the Election Law, article 78 of the CPLR, and section 140-b of the Judiciary Law, adjudged that the designating petitions of each of the petitioners should not have been nullified by the New York State Board of Elections and ordered the Board of Elections to conduct a Conservative Party write-in primary on September 10, 1974. Appellants contend that the failure to file timely certificates of authorization of the party committee constituted a fatal defect under subdivision 4 of section 137 and subdivision 12 of section 143 of the Election Law. We agree (see *Matter of Mundt* v. *Lomenzo*, 34 A D 2d 1035). They also contend that the Election Law limits the time within which candidates may seek judicial review of the actions of the Board of Elections. A proceeding to review actions of the Board of Elections must be commenced within 14 days from the last day to file a designating petition (Election Law, § 330). The present proceedings were not commenced within this time limitation and, therefore, were time-barred. Petitioners assert that the relief granted in this case should be governed by *Matter of Ramos* v. *Alpert* (41 A D 2d 1012, affd. 32 N Y 2d 903), but that case involved a unique factual situation and we find it to be inapposite. Judgments reversed, on the law and the facts, and petitions dismissed, without costs. Sweeney, Main and Reynolds, JJ., concur; Herlihy, P. J., concurs in the following memorandum. Herlihy, P. J. (concurring). I feel constrained to vote to reverse upon the sole ground that the court must follow its prior decision in *Matter of Mundt* v. *Lomenzo* (34 A D 2d 1035).

### (September 12, 1974)

■ In the Matter of NUNZIO FERA, Respondent, v. JOHN W. MCGRATH CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, without costs, upon the ground that appellant is not a party aggrieved (*Matter of Parks* v. *Weaver*, 20 A D 2d 588, mot. for lv. to app. dsmd. 14 N Y 2d 546). Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.

### (September 19, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUAN J. MORALES, Appellant.— Judgment, County Court, Albany County, rendered on June 29, 1973, affirmed. (See *People* v. *White*, 44 A D 2d 749.) Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.