Ellis J. Staley, Jr., J.
This is a proceeding pursuant to CPLR article 78 for a judgment directing the Secretary of State of the State of New York to accept and file certain *926 certificates of preference naming Henry M. Jackson as the presidential candidate, which petitioner and others similarly situated intend to support as provided for by chapters 29 and 30 of the Laws of 1976, and further directing the Secretary of State to notify the applicable Boards of Elections of the names of petitioner, and others similarly situated, and certify that they are supporting Henry M. Jackson, as the presidential candidate in the primary election to be held on April 6, 1976.
On March 11, 1976, the Legislature passed and the Governor signed into law, effective immediately, chapters 29 and 30 of the Laws of 1976. These statutes amended section 21 of the Election Law to provide specific directions for the election of delegates and alternate delegates for the national party conventions to be elected at the primary election to be held in 1976. The statutes further provide for procedure to permit delegates and alternate delegates to file certificates of preference stating the name of a specific presidential candidate that such delegate or alternate delegate intends to support, and if such certificate of preference is accepted, all voting machines and ballots containing the name of such candidate for delegate or alternate delegate shall display following such name the information that he is supporting such presidential candidate.
The amendments to section 21 of the Election Law require that the certificate of preference for the primary election to be held on April 6, 1976 must be filed with the office of the Secretary of State no later than March 16, 1976, or, if filed by mail, by letter postmarked prior to midnight March 16, 1976.
Petitioner and other named candidates for delegate or alternate delegate failed to comply with the requirements of chapters 29 and 30 of the Laws of 1976 with respect to filing a proper certificate of preference within the time limits set forth in the statute. The petition contains 41 names of delegates or alternate delegates who seek permission to file certificates of preference naming Henry M. Jackson as the presidential candidate which they intend to support and a direction to the Secretary of State to accept their certificates of preference as timely filed and that they have complied with the statute.
The petitioner contends that the fact that the statute requires the filing of the certificates of preference within five days of the date when the statute became effective makes such time limits unrealistic, arbitrary arid capricious, and that strict adherence to such time limits will result in frustrating the entire intent of the statute by forcing the named 41 *927 delegates to run as uncommitted delegates. The said 41 delegates have pledged to support Henry M. Jackson for nomination by the Democratic Party for the office of President of the United States and, in accordance with the rules of the New York State Democratic Committee and the Democratic National Committee have filed with the New York State Democratic Committee affidavits pledging to support the nomination of Henry M. Jackson for the office of President of the United States. Petitioner also contends that section 21 (subd 4, par c) of the Election Law, as amended, has been complied with and all authorizations required by that subdivision have been filed by the presidential candidate, Henry M. Jackson.
Respondent contends that petitioner has failed to comply with the filing requirements of section 21 of the Election Law, and the failure to file within the time prescribed by the Election Law is a fatal defect, and that the respondent has no discretion to excuse a late filing.
Petitioner and the other named delegates fall into different categories as to dates of filing certificates of preference.
(1) The following named persons timely filed their certificates of preference as delegates or alternates, and respondent has accepted the same as valid:
Michael Barbera, Margaret K. Seay, E. Magnus Oppenheim, Margaret Mary Walsh, Cathleen C. Tonjes, Ronald J. Good, Ronald Czapla, Dolores Dixon.
(2) The following named persons filed their certificates of preference by mail, which were received by the secretary no later than March 22, 1976:
Evelyn Rutter, Vincent A. Suozzi, Thomas J. Lilly, Inez G. Weissman, Herbert Tenzer, Frances Boles, Sandra L. Berg, Bernard Tomczak, Charles Berkman, Leo Salzman, Ralph Quinnonez, Kathleen A. Shea, Eileen Nugent, Murray Gold-stein, Naimi C. Moore, Shelvy Young, Daniel P. Moynihan, Esther Farber, Vivian DeFazio, Stanley Brzezinski, Richard A. Argentieri, Ralph Goldstein, Judith L. Sephton, Carolyn D. Gentile.
(3) The following named persons filed their certificates of preference on March 24, 1976 after the commencement of this proceeding:
Judith A. Jacobs, Beatrice T. Yule, Michael V. Sganga, Kenneth L. Shapiro, Ethel A. Davidson, Jerry Landman, Alexander T. Singer, Andrew S. Fisher, Vincent F. Nicolosi.
*928 (4) There is no proof that the following named person filed any certification of preference:
John J. Halford
Subdivision 12 of section 143 of the Election Law provides, in part, as follows:
"The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter shall be a fatal defect.”
It should be noted that such subdivision relates only to designation or nomination of candidates or to the acceptance or declination of designations or nomination of candidates. The petitioner and the others involved here are fully qualified candidates who have timely filed designating petitions relating to their candidacy as delegate or alternate delegate. The failure to file asserted here relates to certificates of preference to give the voter a greater understanding of the intent of the candidates who are already valid candidates as delegates or alternate delegates, as to their preference among the presidential candidates.
Petitioner contends that the persons involved in this proceeding acted in good faith in their attempts to comply with the statute and that the failure by respondent to accept their certificates of preference will frustrate the legislative intent of the statute which is to give the electorate the opportunity to elect delegates supporting stated presidential candidates.
The memorandum of the New York State Senate supporting the amendments which were enacted as chapters 29 and 30 of the Laws of 1976 provides as follows: '-'The average voter when electing a slate of delegates to a national convention is confused and uncertain as to whom the candidates are supporting as a candidate for president. This legislation will permit 'the voter’, as distinct from the political leaders, the opportunity to elect delegates supporting known presidential candidates of their choosing. This bill would give the voters a greater voice in the elective process in an area heretofore exclusively within the realm of political and party leaders.”
There is nothing presented in this proceeding that would establish that the granting of petitioner’s prayer for relief would work any hardship or prejudice to any party, and instead would accomplish the true purpose and intent of the statute which has a worthwhile objective. The court has *929 discretionary power to permit late filing of petitions under the Election Law. (Matter of Ramos v Alpert, 41 AD2d 1012, affd 32 NY2d 903; Matter of Baker v Dodd, 75 Misc 2d 887, affd 42 AD2d 992.)
"The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, an equal chance and opportunity for every one to express his choice at the polls.” (Matter of Lauer v Board of Elections, 262 NY 416, 419.)
"It is fundamental that a statute must be read with the legislative goal in mind, so that controversies generated by ambiguities or gaps in the law may be resolved in accordance with the legislative scheme. (See 1 Kent Commentaries 462.) Courts are obligated to apply a statute to the extent possible to accomplish its purpose and to avoid incongruous, unreasonable, or unjust results.” (Matter of Pell v Coveney, 37 NY2d 494.)
Chapters 29 and 30 of the Election Law of 1976 for the first time in the political history of New York State authorize preferential primaries for the election of delegates and alternate delegates to the national convention for the nomination of a candidate for President of the United States. The unusual time limits provided therein prompt this court to determine that there is just and reasonable cause to exercise judicial discretion, and permit the filing of the certificates of preference by the persons in the first three categories described hereinbefore and direct the Secretary of State to accept such certificates of preference as timely filed. Thus, the voters will be afforded the widest possible participation in the election of such delegates and alternate delegates, and the true purpose and interest of said statutes will be accomplished.
Judgment granted in accordance with the opinion herein.
Attorneys for petitioner to submit judgment.
All papers to the attorneys for petitioner for filing upon entry of the order herein.