## FOURTH DEPARTMENT, AUGUST, 1976

### (August 26, 1976)

In the Matter of MARY E. CANE, Appellant, v EDWARD J. MAHONEY et al., Constituting the Erie County Board of Elections, and ROBERT M. JORDAN, Respondents.—Judgment affirmed, without costs, for the reasons stated in the opinion at Special Term, Callahan, J. It would appear from the record that Special Term accepted the appearance of the respondent Jordan as a party to the proceeding, thus permitting consideration of the proceeding as one under section 330 of the Election Law (CPLR 103). All concur except Simons, J., who dissents and votes to reverse the judgment and grant the petition in the following memorandum: In my view the designation of Robert M. Jordan as the candidate of the Democratic Party for Assembly was invalid because of the failure of the Democratic Party to file its certificate of authorization to the nomination within the time limits required by subdivision 4 of section 137 of the Election Law. This defect was fatal (Election Law, § 143, subd 12). While the failure to file within the statutory time limits may be excused under appropriate circumstances in a plenary review under section 330 of the Election Law, there is a question of proper parties in this article 78 proceeding which would prevent our converting the application to a section 330 proceeding and there is a total failure of any evidentiary showing by the candidate upon which the court may justify the exercise of its discretion (see Matter of Quinn v Power, 28 AD2d 687, affd 20 NY2d 682). Thus, the court's ruling authorizes the waiver of statutory time requirements solely because one political party may be left without a candidate as a result of its own delinquency. That ground for excusing late filing is inherent in every election case and it is clearly insufficient to permit validation of the candidate's petition under established case law (Matter of Conservative Party of State of N. Y. v Schwartz, 45 AD2d 976, affd 34 NY2d 983; Matter of Mundt v Lomenzo, 34 AD2d 1035, mot for lv to app den 27 NY2d 484). (Appeal from judgment of Erie

Supreme Court—Election Law.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.