In the Matter of WILLIAM H. BRISTOL, Respondent, v JAMES CHIAVAROLI et al., Constituting the Board of Elections of Monroe County, Appellants.

Fourth Department, October 14, 1976

*Christopher J. Enos* for appellants.

*Lamb, Webster, Walz, Donovan & Sullivan (Herman Walz* of counsel), for respondent.

*Per Curiam.* The Monroe County Board of Elections appeals from an order of Supreme Court, Monroe County, which granted the application of respondent William H. Bristol and required appellant Board of Elections to place the name of respondent on the ballot for the general election to be held on November 2, 1976 as the Democratic candidate for the County Legislature for the 29th Legislative District.

Respondent is an interim member of the Monroe County Legislature having been appointed to fill a vacancy created by the resignation of the Legislator from the 29th Legislative District. In an effort to designate respondent Bristol as its candidate for the office of County Legislator in the 29th District, the Monroe County Democratic Committee notified the board of elections by letter dated September 15, 1976 that respondent Bristol was the designated choice of both the 29th District Democratic Committee and the Executive Committee of the Monroe County Democratic Party. On September 16,

1976 the board of elections rejected the designation as both untimely and defective in form.

On September 20, 1976 the Monroe County Democratic Committee filed a proper certificate of nomination and respondent Bristol simultaneously executed and filed an acceptance with the board of elections. The instant proceeding was commenced to compel the board of elections to accept the untimely filing of the certificate of nomination and to place respondent's name on the ballot for the special election to be held in the 29th Legislative District.

It is undisputed that respondent's last day to file the certificate of nomination with the board of elections was September 13, 1976 (Election Law, § 149-a, subd 12). It is further undisputed, and conceded by respondent, that a defective certificate of nomination was filed on September 15, 1976, and that a proper certificate was not filed until September 20, 1976.

The Election Law provides that "[t]he failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office or to the acceptance or declination of such designation or nomination within the time prescribed by the provisions of this chapter *shall be a fatal defect*" (emphasis supplied; Election Law, § 143, subd 12 [added L 1969, ch 529]). It is clear that it was the intent of the State Legislature that subdivision 12 of section 143 of the Election Law be mandatory. In recommending this legislation the Department of State (NY Legis Ann, 1969, pp 249, 250) stated the following:

"*Election Law, § 143, subd. 12.* The bill will insure the prompt filing of petitions and certificates relating to the designation or nomination of candidates or to the acceptance or declination thereof by making the time limitations provided therefor absolute and not a matter subject to the exercise of discretion by the courts.

"The measure provides that such petitions and certificates shall be null and void if not filed within the time prescribed by such law for such filing. Further, the measure amends the introductory paragraph of Section 330 of the law to prescribe that, in a judicial proceeding pursuant to such section, the provisions of such Section 143 shall be strictly construed.

"The purpose of the election time-table is to establish an orderly progression of events culminating in the election of candidates to public office or party position. The mandatory nature of the provisions of the Election Law relating to the

time for filing establishes the rules of the game, which should be applied to all with equal effect.

"The Legislature, in making the time limitations for filing mandatory, intended that such provisions be construed strictly. A liberal construction of such provisions would diminish their effect, resulting in confusion and inequality.

"The purpose of this bill is to overcome the trend of recent court decisions which have had the effect of impairing the mandatory nature of the time-table.

"Since the time, under Section 145 of such law, within which to file an objection to any petition or certificate of designation or nomination is three days after the filing of the petition or certificate to which objection is made, it is evident that permitted deviations from the established time-table not only result in unequal treatment but could prevent those opposing a particular candidacy from becoming aware that such candidacy was still active.

"The opponents of such a candidacy might thereby be prevented from pursuing their objections in time, when consideration is given to the summary nature of election contests and the limited amount of time allotted to the filing of an objection or the institution of a court proceeding.

"It is therefore of paramount importance that it be made crystal clear that the time limitations for filing are mandatory."

The failure to file timely the required petitions or certificates is a fatal defect, and the courts are without discretionary power to excuse such a defect (*Matter of Conservative Party v Schwartz*, 45 AD2d 976, affd 34 NY2d 983; *Matter of Schwartz v Sachs*, 42 AD2d 975; *Matter of Monroe v Lomenzo*, 40 AD2d 727. Cf. *Matter of Amelio v Van Wart*, 41 AD2d 948).

This is not a case where a prospective candidate has filed a timely but defective petition or certificate, the correction of which is a proper subject for the exercise of the court's discretion (see *Matter of Rapkin v Lomenzo*, 40 AD2d 727, affd 31 NY2d 699; *Matter of Bates v Beyer*, 36 AD2d 735). Nor is this a case involving exigent circumstances which require judicial intervention to allow for late filing (*Matter of Ramos v Alpert*, 41 AD2d 1012, affd 32 NY2d 903. See, also, *Matter of Berg v Cuomo*, 85 Misc 2d 925; *Matter of Baker v Dodd*, 75 Misc 2d 887).

Respondent candidly admits that his failure to file the

certificate in a timely manner occurred "through a misreading of the political calendar" for 1976 by an employee of the Monroe County Democratic Committee. Clearly such a mistake does not rise to the level of exigent circumstances required in order for this court to be permitted to exercise its discretion. To permit late filing of the required certificate here would be to render nugatory the plain wording and intent of subdivision 12 of section 143 of the Election Law. The Legislature has chosen to remove from the courts the power to exercise discretion in permitting the late filing of certificates and petitions with the board of elections. To grant the relief requested would create impermissible "judicial legislation" governing the timeliness of nominating petitions and certificates.

Respondent relies heavily upon *Matter of Lauer v Board of Elections* (262 NY 416), but that case was decided some 36 years prior to the amendment of subdivision 12 of section 143 of the Election Law. Other cases cited in support of respondent's position also antedate that amendment *(Matter of Smith v Board of Trustees of Vil. of Fort Edward,* 1 AD2d 908, affd 1 NY2d 690; *Matter of Brackley v Donohue,* 2 AD2d 868). The complexity of the Election Law with its "technical and somewhat confusing provisions" is cited as an additional reason for granting the relief requested. However, there is nothing complex about the election timetable, and reliance upon this traditional argument is misplaced.

While the result of failing to file in a timely manner is harsh, it is a result that the Legislature has mandated. Subdivision 12 of section 143 established rules that are to be applied to all with equal effect. To affirm Special Term would be tantamount to an absolute repeal of subdivision 12 of section 143 and would require the exercise of a power which this court does not possess. Since this court is without discretionary power to permit late filing of respondent's certificate of nomination under the circumstances presented, the order appealed from should be reversed and the application dismissed.

Leave to appeal to the Court of Appeals is hereby granted.

MARSH, P. J., MAHONEY, DILLON, GOLDMAN and WITMER, JJ., concur.

Order unanimously reversed on the law without costs and

application dismissed. Leave to appeal to the Court of Appeals granted.