■ In the Matter of GARY OLESKA, Respondent, v ANTONIA D'APICE et al., Respondents, and CHARLES GOLDBERG, Intervenor-Appellant.—In a proceeding to provide the enrolled Liberal Party voters of the 35th Senatorial District, Westchester County, with the opportunity to write in the names of Liberal Party candidates for the public office of New York State Senator from the 35th Senatorial District, Westchester County, in the primary election to be held on September 9, 1986, the appeals are (1) from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated August 8, 1986, which granted the application, and (2) as limited by the appellant's brief, from so much of an order of the same court, entered August 27, 1986, as, upon his motion for leave to intervene and for reargument of the proceeding, and, in effect, upon granting reargument, adhered to the original determination and denied leave to intervene.

Appeal from the judgment dismissed, without costs or disbursements. The judgment was superseded by the order which was made upon reargument.

Order modified, on the law and as an exercise of discretion, by deleting the provision denying that branch of the motion which sought leave to intervene and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

The court was correct in granting the application for an opportunity to ballot on primary day in the 35th Senatorial District, Westchester County, which affords members of the Liberal Party, who would otherwise be without a designated candidate for the public office of State Senator in the 35th Senatorial District, an opportunity to express their choice as to their candidate and to present that candidate to the voters in the general election *(see, Matter of Brown v Ulster County Bd. of Elections,* 48 NY2d 614; *Matter of Hunting v Power,* 20 NY2d 680). However, under the circumstances of this case, the court should have granted that branch of the motion which was for leave to intervene in the proceeding *(see, Matter of*

*Ramos v Alpert,* 41 AD2d 1012, *affd* 32 NY2d 903). Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.