OPINION OF THE COURT
Robert C. Williams, J.
Petitioner brings this proceeding, by order to show cause, pursuant to article 6 of the Election Law, for an order invalidating and declaring null and void the certificate of nomination dated September 27, 1988 purporting to nominate Elton *766 Harris as Democratic candidate for the office of Sullivan County Coroner.
On September 20, 1988, due to a vacancy, the Sullivan County Democratic Committee filed a certificate of nomination, dated September 12, 1988, with the County Board of Elections designating Elton Harris as Democratic Party candidate for County Coroner. On September 23, 1988 petitioner duly filed objections to said certificate, and thereafter, on September 27, 1988 specifications to her objections. On that same date, the County Democratic Committee filed another certificate of nomination naming Elton Harris as Democratic candidate for County Coroner. It is undisputed that this was the last day within which nominating certificates could be timely filed for the upcoming general election by law. It is also undisputed that the County Board of Elections had not made a determination declaring the September 20, 1988 certificate of nomination null and void until September 30, 1988. On October 4, 1988 petitioner duly filed objections to the aforementioned September 27, 1988 certificate of nomination. This proceeding followed.
Petitioner argues that respondents’ attempt to file another certificate of nomination of Elton Harris for the office of Coroner before the previously filed certificate was declared void by the Board of Elections was improper, as such filing attempted to fill a vacancy which, because of a presumptively valid certificate still in place, did not yet exist.
Respondent counters that since the Board of Elections declared the first petition to be null and void on its face, it should be considered void ab initio. Therefore, the September 27, 1988 certificate, which is concededly otherwise timely, should stand on its own.
At the outset, the court finds that it is beyond question that a filed and accepted certificate of nomination is presumptively valid until properly and successfully challenged (see, Matter of Acosta v Previte, 51 AD2d 960 [2d Dept 1976], affd 39 NY2d 720 [1976]). Thus, the contention that the September 12, 1988 certificate was void ab initio is rejected.
The court concurs with both parties that the particular issues presented in this proceeding seem to be of first impression, at least insofar as our humble efforts to discover controlling precedent have been able to ascertain. That is not to say, however, that there is a complete lack of guidance or direction provided by prior case law. An examination of that case law, *767 when applied to the facts of this case, leads the court to the conclusion that the instant petition should be dismissed.
The key issue in this proceeding, put one way, is whether a party’s committee may have two certificates of nomination for a single vacant office on file at the same time. Petitioner’s answer is, of course, in the negative.
It is petitioner’s position that section 6-116 of the Election Law allows only one nomination per party for a single vacancy to be filed, and at the time the respondents filed the September 27, 1988 certificate of nomination, the September 20, 1988 certificate had already been filed naming the same candidate for the same office. Thus, no vacancy existed for said office as of September 27, 1988. On September 30, 1988, when the Board of Elections determined the first certificate to be null and void, a vacancy was created, but not before.
Early case law would seem to support this theory. In Matter of Schermerhorn (141 Misc 228 [Sup Ct, Albany County 1931]) the court passed on a situation, at first blush, somewhat similar to this one. A certificate of designation was filed by the local Republican Committee on Vacancies, naming a particular candidate for party position. Objections were duly filed, and before an official determination voiding the certificate had been made, a second certificate, naming a different candidate, was attempted to be filed. The court held that such a filing was void as premature, since there could not be two designations for the same party position filed to fill one vacancy. The court further indicated that the Committee on Vacancies should have awaited the official determination of the Board of Elections before filling the vacancy caused by the voided certificate.
The Court of Appeals, early on, expressed a different view, at least in some circumstances. In Matter of McGovern (Olson) (291 NY 104 [1943]) the court held that a Board of Elections could accept a second certificate of nomination when a first was being objected to, and decide the validity of both at the same time. This admittedly was a peculiar situation in which two candidates tied in a primary election and both thereafter had certificates of nominations filed.
It should be noted that these cases deal with two different candidates being offered by the same party to fill the same vacancy. It would almost seem like common sense that given the presumption of validity, the first-filed certificate would close the vacancy as to other different candidates.
*768 A second line of cases addresses a situation more analogous to the present one.
In these cases, the courts have not permitted a party’s committee to file a second certificate of nomination for the same candidate after the first one has been declared void (see, Sheehan v Aylward, 84 AD2d 602 [3d Dept 1981]; Matter of Bristol v Chiavaroli, 54 AD2d 72 [4th Dept 1976]). But this prohibition has been based on the proposition that failure to file a timely certificate curing deficiencies in a previous certificate is a fatal defect. The time limitations set forth in the statute are mandatory, and the judiciary is foreclosed from fashioning exceptions, however reasonable they might appear to be (Matter of Baker v Monahan, 42 NY2d 1074 [1977]).
In Matter of Marchiselli v Black (105 AD2d 603, 604 [1st Dept 1984]) the court observed: "Concededly, the time to fill the vacancy * * * has expired. Accordingly, considered as an original certificate of nomination, the certificate dated October 25, 1984 is too late. Nor can that certificate be considered as merely an allowable correction of a technical defect or insufficiency in the certificate of September 25, 1984. As the 'certificate of nomination’ dated September 25, 1984 did not nominate anyone, it was a nullity. The first certificate that purported to nominate a candidate was the certificate of October 25, 1984. Thus the certificate of October 25, 1984 was not just a correction of a previous certificate, it was a new certificate and was untimely” (emphasis added).
It would appear, therefore, that if a second certificate of nomination was timely filed naming the same candidate to the same office as the first, said certificate could be construed as an amended certificate, offered as an attempt to cure insufficiencies in the original. This court deems the September 27, 1988 certificate to be just that. To hold otherwise would have the effect of forcing a party’s committee, after having been put on notice of possible technical defects in the nominating certificate, to stand idle, though in a position to timely cure the defects, until the defective certificate is officially voided, and hope there is thereafter time to file a corrected certificate.
There is no dispute as to the timeliness of the second certificate, nor any allegation by petitioner that it is otherwise defective. There is no provision in the Election Law that would prohibit a party committee from filing an amended *769 certificate of nomination for a particular candidate, as long as it is timely and otherwise valid (see, Matter of Montgomery v Jefferson, 122 AD2d 907 [2d Dept 1986], lv denied 68 NY2d 605 [1986]).
For the foregoing reasons, the petition is dismissed.