Hancock, Jr., J.
(dissenting). In my view, the lower courts properly directed a write-in ballot, relying upon Matter of Hunting v Power (20 NY2d 680), so as not to disenfranchise the party electorate in a primary election for the office of Civil Court Judge. The majority’s conclusion that the opportunity to ballot remedy can cure only "technical, but fatal defects in designating petitions” (majority mem, at 797) substantially narrows, if not effectively overrules, the rule in Hunting. Indeed, under the rule now adopted, under the facts of Hunting itself, the opportunity to ballot remedy would not have been ordered. In Hunting, not only were 20% of the signatures in the invalidated petition those of out-of-district signatories, but in Hunting, approximately 20% (or at least 210 signatures) were forgeries. Significantly, in Hunting the number of valid signatures to support any candidate was lacking. Thus, there is no support for a conclusion that the deficiencies in Hunting were "technical”. Here, combining the number of valid signatures contained in the two invalidated petitions, a sufficient number of valid signatures exists to support a single petition, or a petition for a write-in ballot under Election Law § 6-164.*
*799 In my view, no persuasive policy reason has been shown for substantially eroding the sound rule of Hunting. On the contrary, I believe this decision frustrates the important policy reason underlying the Hunting rule — protecting an interested electorate from disenfranchisement (see generally, Matter of Brown v Ulster County Bd. of Elections, 48 NY2d 614, 616; Matter of Ramos v Alpert, 41 AD2d 1012, 1014; Anderson v Celebrezze, 460 US 780, 786-788). The protection afforded by the Hunting rule should not be lightly cast aside. Here, the intent to "nominate some candidate” is manifest (Matter of Hunting v Powers, 20 NY2d, at 681, supra [emphasis added]), and the reversal of the lower courts’ direction to allow a write-in ballot would operate to disenfranchise the party electorate in this primary election and, thus, prevent the electorate of one of the two major parties from having a candidate on the ballot in the future general election. Accordingly, I respectfully dissent.
Chief Judge Wachtler and Judges Simons, Kaye, Titone and Bellacosa concur in memorandum; Judge Hancock, Jr., dissents and votes to affirm in an opinion; Judge Alexander taking no part.
Order reversed, etc.

 Contrary to the majority view, I find it particularly significant that the aggregate number of valid signatures would be sufficient to place a candidate on the primary ballot. Indeed, the Legislature recognized in Election Law § 6-164 that an intent to nominate some candidate of the party can be sufficiently demonstrated by designating petitions which do not specify the name of any candidate. Hunting relief contemplates exactly what was done here by the lower courts — i.e., granting the party electorate the opportunity *799 to write in any candidate of their choice. Notably, no individual candidate’s name is being placed on the ballot.