■ In the Matter of EUGENE M. FAHEY, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [649 NYS2d 69] —Per Curiam. Appeal from a judgment of the Supreme Court (Harris, J.), entered October 21, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-104, to declare valid the amended certificate of nomination placing petitioner's name before the name of respondent Kevin M. Dillon as the Democratic Party candidates for the office of Supreme Court Justice for the Eighth Judicial District in the November 5, 1996 general election.

On September 21, 1996, the Democratic Party judicial convention for the Eighth Judicial District was held at which petitioner initially and then respondent Kevin M. Dillon were nominated as candidates for the office of Supreme Court Justice to be filled at the November 5, 1996 general election. Notwithstanding the order in which each was nominated at the convention, their names were listed in alphabetical order on the certificate of nomination filed with respondent State Board of

Elections two days later. The minutes of the convention were also filed with the Board. On September 30, 1996, the Board certified to the eight local boards of elections within the Eighth Judicial District (each of which is a respondent in this proceeding) the names of Dillon and petitioner in alphabetical order as listed on the certificate of nomination (*see,* Election Law § 4-112 [1]). An amended certificate of nomination, dated October 3, 1996, was filed with the Board listing the candidates in the order in which each was nominated at the convention. In all other respects, however, the amended certificate of nomination contained the same contents as that of the original.[1]

Finding that the amended certificate of nomination was untimely, the Board adhered to its original placement of the names on the ballot based on the original certificate of nomination, namely, Dillon and petitioner, in that order. Petitioner commenced the instant proceeding seeking to compel the Board to reverse the order of the candidates' names on the ballot to reflect the order in which each was nominated at the convention. Supreme Court granted respondent Glenn R. Morton's motion to dismiss the petition, and petitioner now appeals.

Pursuant to Election Law § 6-158 (6), a certificate of nomination must be filed "not later than the day after the last day to hold [a judicial district convention]" and the failure to comply with this time limitation is "a fatal defect" (Election Law § 1-106 [2]). The last day to hold a judicial district nominating convention this year was September 23, 1996 (*see,* Election Law § 6-158 [5]). Therefore, the certificate of nomination had to be filed by September 24, 1996 (*see, id.,* § 6-158 [6]). Notably, the original certificate of nomination was timely. Although there is no provision in the Election Law prohibiting the filing of an amended certificate of nomination, an amended certificate of nomination must, at the least, be timely (*see, Matter of Hicks v Egan,* 166 AD2d 735, *appeal dismissed, lv denied* 76 NY2d 946; *Matter of Lepke v Harris,* 141 Misc 2d 765, 768). In this case, the amended certificate of nomination submitted to the Board was plainly untimely (*cf., Matter of Pierce v Breen,* 86 NY2d 455, 458). "To find otherwise not only would dilute the integrity of the election process, but would jeopardize enforcement of the mandatory filing requirements set forth in the Election Law" (*supra,* at 458; *see, Matter of Esiason v Washington County Bd. of Elections,* 220 AD2d 878, 879, *lv denied* 86 NY2d 709). The fact that Dillon does not oppose petitioner's application is of no consequence.

---

1. At no time following the filing of the original certificate of nomination did petitioner attempt to rectify the problem by requesting that ballot position be determined by lot (*see,* Election Law § 7-116 [2]).

In positioning candidates on a ballot, the Board emulates the order of their *"certification* by the Eighth Judicial District Democratic nominating convention" (*Matter of Mintz v Cuomo*, 45 NY2d 918, 919 [emphasis supplied]).[2] Here, the candidates are certified in alphabetical order on the original certificate of nomination. Accordingly, the Board did not err in its placement of the names on the ballot.

Finally, we disagree with petitioner's contention that the simultaneous filing of the convention minutes with the original certificate of nomination permits, or even requires, the Board to certify the names in an order other than delineated on that document (*see, Matter of Malang v Sunderland*, 208 AD2d 787, *lv denied* 84 NY2d 807; *Matter of Hurd v Stout*, 97 AD2d 616, 617, *affd* 60 NY2d 787). Accordingly, Supreme Court properly dismissed the petition.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

(October 29, 1996)

2. Contained in the record before this Court is the unrefuted affidavit of Thomas Zolezzi, Deputy Executive Director of the Board, in which he avers that the Board "uses the order of [candidates'] names as they appear on the certificate of nomination when determining the order to certify the candidates to the county boards of elections".