Charles A. Loreto, J.
This application is one whereby twofold relief is sought: (1) a dismissal of the general objections and specifications of the objectants to the petitions, and (2) a requirement that the Board of Elections deem duly filed the acceptance of the nominees of the petitions designating them. With respect to the first relief there are two groups of parties who are necessary parties: the Board of Elections and the objectants. With respect to the second relief sought, the court determines that only one group of parties is a necessary group of parties and that is the Board of Elections.
With respect to the first relief the objectants have interposed a special notice of appearance, which has been duly noted, and by the special notice of appearance they have raised the point that the proceedings were not timely begun.
It appears that the Election Law requires that proceedings of this character under section 330 of the Election Law be instituted within 14 days after the petition is filed. In this case that would have been October 3 of this year. And, by instituting proceedings, it is meant that the order to show cause bringing on the proceedings be served upon the necessary parties, and where the order to show cause provides service by mail, that the mailing be received at the residence or designated residence of the objectants. In this case, apparently, the necessary papers were mailed on the 3d and admittedly received in the mail at the address of the objectants on the 4th, which was one day after the deadline provided by statute.
Now in instances of this character the Court of Appeals has held, several times, that it is fatal to the proceeding; and this has been held in the Matter of Constantino (286 N. Y. 681) and also recently in Matter of King v. Cohen (293 N. Y. 435).
Therefore, with respect to the first portion of the relief sought • — -and the court finds that the relief sought in this proceeding is severable — the court sustains the special appearance and dismisses it as to that portion of the relief sought.
*713 With respect to the second portion of the relief sought, the court is satisfied that only by reason of section 145 of the Election Law may objections be filed and filed only against the petition. The court determines that the requirement of the filing of an acceptance to the petition is something wholly independent and separable from the petitions. The law provides for a separate type of a statement and separate time of filing.
Section 330 of the Election Law provides that the court shall construe, wherever possible, the law liberally and the court is disposed to do that in this instance. An oversight was originally committed by the nominees in originally filing an acceptance by signature alone, without an acknowledgment, and within several days apparently a new acceptance was filed with a proper acknowledgment. It is true that perhaps it may be said that the second filing, which was proper in form, may have been subsequent to a date designated in one of the sections of the Election Law, although there are other sections of the Election Law which seem to apply and might be construed to apply and denote that the second filing was timely.
Therefore, in the exercise of its discretion, the court deems that the filing of the acceptance was proper in form and timely, and directs the Board of Elections to accept the acceptance of the nominee Battista as proper and sufficient in form and timely filed, the other petitioners having withdrawn their petitions.