IN THE MATTER OF EUGENE F. HAYDEN, AN ATTORNEY AT LAW AND FORMER MAGISTRATE OF THE MUNICIPAL COURT OF THE BOROUGH OF SAYREVILLE, RESPONDENT.

Argued January 7, 1964—Decided February 3, 1964.

For the order: *Mr. Edward J. Dolan.*

For the respondent: *Mr. Warren W. Wilentz.*

The opinion of the court was delivered

PER CURIAM. Respondent is a member of the bar and a former magistrate for the Borough of Sayreville. On December 4, 1963 we issued an order to show cause why respondent should not be disbarred or otherwise disciplined for engaging in partisan political activity while serving as a magistrate in violation of *Canon* 28 of the Canons of Judicial Ethics and the policies established by this Court which preclude judges from engaging in partisan political activity. See *R. R.* 8:13–7.

*Canon* 28 provides:

"While entitled to entertain his personal views of political questions, and while not required to surrender his rights or opinions as a citizen, it is inevitable that suspicion of being warped by political bias will attach to a judge who becomes the active promoter of the interests of one political party as against another. He should avoid making political speeches, making or soliciting payment of assessments or contributions to party funds, the public endorsement of candidates for political office and participation in party conventions.

He should neither accept nor retain a place on any party committee nor act as party leader, nor engage generally in partisan activities."

The admitted facts are as follows. While the respondent was serving as magistrate for the Borough of Sayreville, his first cousin, John Kierst, Councilman Joseph Ziemba and others were enbroiled in a bitter primary fight against the incumbent Mayor Harold Boehm and his followers for the nomination of borough councilmen. Respondent favored his cousin's faction. The rival group had made verbal charges that one Frank Caprio, respondent's former client, had paid money to Ziemba to let him remove sand from borough property — implying extortion by Ziemba. On April 14, 1962, three days before the primary election, Kierst and Ziemba, who were being hurt politically by the charges, asked the respondent for his help. At their request, respondent immediately contacted Caprio for the purpose of getting a statement from him denying that he had told the Mayor that he had paid Ziemba for letting him take the sand. Respondent

prepared and typed the following statement which Caprio signed:

"To whom it may concern, I deny that I ever told Harold Boehm that I ever paid Joseph Ziemba for permission to take sand from the Borough of Sayreville property."

This statement was circulated in the community and broadcast over the local radio station as a paid political announcement.

The respondent readily admits violating the canon. He says that he made a gross mistake in judgment which was motivated by his affection for his cousin and his interest as a private citizen in the election of men he considered superior to the opposition.

The personal interests of a magistrate cannot excuse a violation of the canon. Under no circumstances should a judge engage in partisan political activity. The reason for the canon as expressed therein is the necessity for a judge at all times so to conduct himself as to avoid any suspicion that his judicial activities may be influenced by his political preferences. Such a suspicion is the inevitable consequence when a judge becomes the active promoter of those seeking public office.

We are seriously concerned with any infraction of the letter and spirit of *Canon* 28 and generally we would severely discipline an offender. However, in determining the *quantum* of discipline in the present matter, we note that the charge against the respondent involves a single indiscretion and not a continued course of partisan political activity. *Cf. In re Pagliughi,* 39 *N. J.* 517 (1963). Under the circumstances we have decided that respondent should be sharply reprimanded for his conduct.

*For reprimand*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.