In the Matter of John G. Dow, Petitioner, *v.* John P. Lomenzo, as Secretary of State of the State of New York, Respondent.*

Supreme Court, Special Term, Albany County, June 20, 1966.

*Winer, Newburger & Sive* (*L. Rissier Wallach* of counsel), for petitioner. *Louis J. Lefkowitz, Attorney-General* (*Walter Hogan* of counsel), for respondent.

John H. Pennock, J. This is an election proceeding brought on before this court by a show cause order issued by Justice James W. Bailey, County of Rockland, on June 9, 1966.

On the return date of June 15, 1966, counsel for petitioner and the Attorney-General orally stipulated that the Clerk of Albany County refer the proceeding to Rensselaer County Spe-

* Revd. 26 A D 2d 598, affd. 18 N Y 2d 612, order of Special Term reinstated 18 N Y 2d 853.

cial Term of June 17, 1966. On that date this Justice referred the proceeding back to Albany on the basis that jurisdiction of the matter was exclusive to Albany County and at a Special Term in chambers this Justice heard the matter. (Election Law, § 330; also, *Grover* v. *Simon*, N. Y. L. J., Aug. 28, 1962, p. 11, col. 3; also, see 2 Gassman, Election Law, § 116.)

The petitioner, John G. Dow, incumbent Representative from the 27th District, State of New York, seeks an order of this court authorizing and directing the Secretary of State to accept and receive for filing a certificate of acceptance pursuant to section 143 of the Election Law, pertaining to the designation of petitioner as candidate for the Liberal party nomination for the office of Representative in Congress from the 27th Congressional District, at the general election to be held on November 8, 1966.

The order and petition was personally served upon the Secretary of State on June 10, 1966.

A brief review of the facts is in order. The Secretary of State sent a form letter dated June 1, 1966 by mail to the petitioner notifying him, " that a petition purporting to designate you (the petitioner) as a candidate for the Liberal Party nomination for Representative in Congress from the 27th Congressional District, State of New York, was filed in this office today ".

The notice by letter further read, " In the event you are not a duly enrolled member of such party, (which the petitioner was not) you must file an acceptance of such designation in this office on or before May 31, 1966 ". This letter was received by the petitioner on June 2, 1966, and he sent a telegram on that day setting forth his acceptance. On oral argument the counsel for petitioner stated that on June 2, 1966 the petitioner talked by phone with Thomas Wallace of the Secretary of State's office, who, as stated in paragraph 4b of the petition, notified petitioner that it (the respondent) could not accept for filing any certificate of acceptance and that his (the petitioner) only recourse was to the Supreme Court.

The question presented is the petitioner's compliance with a provision of the Election Law which requires one to act two days, if not seven days, before he is qualified to perform such act. (Election Law, § 139, subd. 1, § 143, subd. 2.) Further any attempt to so comply was frustrated in that respondent informed the petitioner that it would not accept the authorization. In fact, as a defense, the respondent urges that the time has long since passed for the filing of the acceptance.

The respondent on oral argument also urges the court to dismiss the proceeding on the grounds that this action was not

commenced by the 8th day of June preceding the primary election. (L. 1966, ch. 106; Election Law, § 314, subd. 12.)

The petitioner instituted his action timely. This is not a proceeding limited to section 314 of the Election Law; rather, it is a proceeding to compel the Secretary of State to accept an acceptance which is a correction of the acceptance already filed with the Secretary. Such a proceeding is not limited as to time as set forth in chapter 106 of the Laws of 1966. An acceptance may be received by the Secretary of State after the last day for filing. In fact, under the present circumstances, the Secretary of State must have accepted other authorizations after the final date, by authority of a court order, as the notice of the Secretary of State was dated June 1, 1966. Under these circumstances, in the event of a declination, the Committee on Vacancy could not act to file no later than the first day of June preceding the primary election. (L. 1966, ch. 106; Election Law, § 314, subd. 9.)

Therefore, the court determines that it must grant the relief requested in order to assure that an orderly election process is followed. It might be urged that petitioner should have attempted a filing to correct the prior acceptance filed by telegram. It might also be urged that the Secretary of State failed to formally notify the petitioner of his failure to accept. However, since the amendments of section 314 amended the portion of 330 of the Election Law as to designation of any candidate but did not amend the time in respect to '' any candidate aggrieved '', this court determines that the petitioner's proceeding is timely, allowing him '' fourteen days after the last day to file petitions ''. (Election Law, § 330, subd. 1.) The last day to file designating petitions was May 27 (Election Law, § 314, subd. 8); thus, June 10 was the last day for this action to be commenced.

According to subdivision 2 of section 143 of the Election Law, a certificate of acceptance had to be filed on the 3d day after the fifth Tuesday preceding primary day, i.e., May 27. This was not amended. Therefore, the acceptance must be filed in accordance with this section and therefore subdivision 1 of section 330 of the Election Law controls, and the candidate, to repeat, has 14 days from May 27 to institute proceedings, or by June 10. Section 144 of the Election Law is limited to declinations only. It does not provide for any notice to a candidate in respect to an acceptance. Therefore, since subdivision 1 of section 330 is the controlling statute as to limitation of time, it must prevail. The Secretary of State's notice letter of June 1, 1966 listed the date to file acceptance as May 31, 1966. This was an incorrect calculation as heretofore explained. This notice as to acceptance

was gratuitous on the part of the Secretary, as there is no provision in law as to such notice for an acceptance. (Election Law, § 144.) The only notice required was that petitioner was nominated. This notice was given on June 1 and the last day to file acceptance was May 27. Now under those circumstances it is hardly equitable for this court to refuse to fill the void left by the Legislature by chapter 106 of the Laws of 1966. Thus this court procedurally has to follow subdivision 1 of section 330 as far as the acceptance is concerned in the same manner as if chapter 106 did not exist.

The court has the power to direct the board or officer to receive the certificate of acceptance as corrected. (*Matter of Battista* v. *Carver,* 29 Misc 2d 711, affd. 14 A D 2d 746, affd. 10 N Y 2d 867.) The fact that the Secretary of State gave no notice of the determination that the certificate of acceptance was invalid is fatal. A candidate is entitled to a notice of affirmance or rejection of a certificate of acceptance. Otherwise he would be lulled into a sense of compliance until the day of certification.

The Supreme Court has the power to relieve a mistake or accident leading to a delay in filing a certificate in time, when to grant such relief would cause no disruption of the election machinery or interfere in any way with other requirements under the law. To grant or deny the relief is a matter of discretion with the Supreme Court. (*Matter of Lauer* v. *Board of Elections,* 262 N. Y. 416.) In a Third Department case, the court held that even a three-day late filing was acceptable. (*Matter of Smith* v. *Board of Trustees of Vil. of Fort Edward,* 1 N Y 2d 690.)

It is further pointed out that June 9 was the date for certification by the Secretary. Certainly if the candidate's name was omitted, it is an implied determination of some discrepancy, and the candidate should not be denied a review. For all these reasons the court determines that it has the right to review the act or failure to act on the part of the Secretary. It is axiomatic that the relief to be granted as the certification date follows the last date provided in chapter 106 to institute a proceeding. How could the Legislature, in its wisdom, mean to deny the instant relief? There is no doubt that subdivision 12 of section 314 applies to mechanics of designation only. It cannot conceivably apply to the certificate of authorization and if it were so held there would be a serious question of due process. It has been held that the requirement of the filing of acceptance is something wholly independent and separate from the petitions. " The law provides for a separate type of a statement and a separate time of filing ". (*Matter of Battista, supra,* 713.)

Therefore, the proceeding is timely. (Election Law, § 330.)

An order is accordingly granted authorizing and directing the Secretary of State to accept and receive for filing a certificate of acceptance in lieu of the incomplete certificate of acceptance filed by telegram on June 2, 1966, and further, authorizing and directing the Secretary of State to certify the petitioner as the duly designated Liberal party candidate for the office of Representative from the 27th Congressional District.