In the Matter of WILLIAM C. BATES et al., Respondents, v. ENCY BEYER, as Village Clerk of the Village of Sag Harbor, et al., Appellants.—

In this case, where petitioner Holmberg acted in good faith and made every effort to comply with subdivision 1 of section 139 of the Election Law, by sending a telegram to the Village Clerk on the last day upon which to file his acceptance, we find that Special Term's finding of timeliness and its direction that his name appear on the ballot constituted a proper exercise of discretion (see *Matter of Dow* v. *Lomenzo*, 52 Misc 2d 153, 157, revd. 26 A D 2d 598, revd. 18 N Y 2d 853; see, also, *Matter of Lauer* v. *Board of Elections of City of N. Y.*, 262 N. Y. 416). We agree with Special Term that the 1969 amendment to subdivision 12 of section 143 of the Election Law, making late filing a "fatal defect", did not take away the court's discretionary powers in matters such as the one at bar (Election Law, § 330). Hopkins, Munder and Martuscello, JJ., concur; Rabin, P. J., and Christ, J., dissent and vote to reverse the judgment and to dismiss the petition, with the following memorandum: In our opinion, petitioner's telegram failed to effect substantial compliance with the applicable statute in this case (Election Law, § 139) in two vital respects. The telegram was neither signed nor acknowledged by petitioner and consequently did not constitute the formal paper prescribed by the statute. Accordingly, the evaluation of the telegram as an authorized document of acceptance is contrary to the terms and provisions of the statute.

736

Under the circumstances, no discretionary power of the court should be exercised in favor of petitioner.