■ In the Matter of WILLIAM F. SHEEHAN et al., Respondents, v WILLIAM AYLWARD et al., Appellants, and GEORGE P. SCARINGE et al., Constituting the Board of Elections of the County of Albany, et al., Respondents. — Appeal from a judgment of the Supreme Court at Trial Term (Cerrito, J.), entered October 2, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the nominating petition naming certain persons as candidates of the Independent Citizens of Guilderland Party for public office in the Town of Guilderland, Albany County, in the November 3, 1981 general election. On September 15, 1981, the Independent Citizens of Guilderland Party filed nominating petitions seeking to place seven candidates on the ballot for town offices in the Town of Guilderland, Albany County, in the general election to be held November 3, 1981. Two of the seven candidates were nominated for judicial positions. On September 24, 1981, the Albany County Board of Elections notified each candidate that the nominating petition had been filed and, on September 25, 1981, each candidate filed a certificate of acceptance. Petitioners commenced the instant proceeding to invalidate the nominating petition on the grounds that (1) the acceptances required of the nonjudicial candidates were not timely filed as required by subdivision 11 of section 6-158 of the Election Law, and (2) the petition was defective as to form since each signer thereof did not set forth his or her town as required by subdivision 1 of section 6-130 of the Election Law. Trial Term credited both arguments advanced by

petitioners and invalidated the nominating petition. This appeal by the respondent candidates ensued. With regard to petitioners' first contention, the parties agree that the respondent nonjudicial candidates were required to file acceptances to the independent nominating petition (Election Law, § 6-146, subd 1) and that, pursuant to subdivision 11 of section 6-158 of the Election Law, the last day to file such acceptances was September 18, 1981. Respondents, however, contend that since the board of elections did not notify them of their nominations, as required by section 6-144 of the statute, until September 24, their acceptances filed on September 25 should be deemed timely upon authority of *Matter of Schwartz v Sachs* (42 AD2d 975). Subdivision 2 of section 1-106 of the Election Law specifically provides that: "The failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office *or to the acceptance* or declination of such designation or nomination within the time prescribed by the provisions of this chapter *shall be a fatal defect."* (Emphasis added.) It is now well established that the time limitations set forth in the statute are mandatory and that the judiciary is foreclosed from fashioning exceptions, however reasonable they might be made to appear *(Matter of Baker v Monahan,* 42 NY2d 1074; *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556). Accordingly, in view of the Court of Appeals pronouncement on this issue, we are constrained in this case to affirm so much of Trial Term's judgment as invalidated the nominating petition with respect to the respondent nonjudicial candidates. We reach a different conclusion, however, regarding petitioner's contention that the nominating petition was defective as to its form. Although the petition did not contain a separate column in which signers could indicate their town, it did contain a column labeled "Town of Guilderland Residence" in which the signers indicated their residence address. In our view, there is no ambiguity as to the fact that all signers indicated the Town of Guilderland as their town of residence and the petition was, therefore, in substantial compliance with the form prescribed by the statute (Election Law, § 6-140, subd 1; *Matter of Aaronson v Meisser,* 275 App Div 1000, affd 300 NY 452; see *Matter of Alamo v Black,* 51 NY2d 716). Trial Term, therefore, erred in invalidating the petition with respect to the respondent judicial candidates. Judgment modified, on the law and the facts, by reversing so much thereof as invalidated the nominating petition with respect to the judicial candidates, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.