(October 12, 1982)

■ In the Matter of ROOSEVELT RHODES, Appellant, v GEORGE D. SALERNO, as Chairman of the State Board of Elections, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered October 4, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, for an order permitting him to file *nunc pro tunc* a signed and acknowledged acceptance of the nomination of the Unity Party for the office of United States Senator from the State of New York. Petitions nominating petitioner as the candidate of the Unity Party for the office of United States Senator from the State of New York were filed with respondent State Board of Elections (board) on September 7, 1982. On this same date, the board advised petitioner by letter that the last day to accept or decline the nomination "by duly acknowledged document" was September 10, 1982. By letter to the board dated September 9, 1982, petitioner accepted the nomination. His acceptance, however, was not acknowledged as required by the statute (Election Law, § 6-146, subd 1), and on September 20 the board advised him that the acceptance was invalid for this reason. Petitioner, on this same date, mailed to the board a notarized copy of his original September 9 letter in an effort to comply with the acknowledgment requirement. The instant proceeding was commenced in Albany County Supreme Court on September 21, 1982. In the judgment appealed from, Special Term dismissed the petition finding that the omission of the acknowledgment amounted to a failure of compliance with subdivision 1 of section 6-146 as to a matter of prescribed content, and that such omission rendered the acceptance null and void. Although petitioner's arguments are undeniably supported by the holdings in such cases as *Matter of Rapkin v Lomenzo* (40 AD2d 727, affd 31 NY2d 699) and *Matter of Bates v Beyer* (36 AD2d 735), we conclude that the issue presented is controlled by more recent decisions of the Court of Appeals. In *Matter of Hutson v Bass* (54 NY2d 772, 774), that court stated: "While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content (cf. *Matter of Higby v Mahoney,* 48 NY2d 15). We cannot say here, as we have elsewhere, that there has 'been compliance with the requirements of * * * the Election Law as to content and substantial compliance with the requirements of that [law] as to form' (*Matter of Ruiz v Sachs,* 43 NY2d 894, 895). It is wholly immaterial that the courts might reasonably conclude that what they perceive as the ultimate legislative objectives might better be achieved by more flexible prescriptions, prescriptions which might be judged by some to be more equitable. Whatever may be our view, the Legislature has erected 'a rigid framework of regulation, detailing as it does throughout specific particulars' (*Matter of Higby v Mahoney,* 48 NY2d 15, 20, n 2, *supra*)." Subdivision 1 of section 6-146 of the Election Law specifically and unequivocally provides that where, as here, a person is nominated by an independent body for public office other than judicial office, he must "in a certificate *signed and acknowledged* by him, and

filed as provided in this article, accept the * * * nomination * * * *otherwise such * * * nomination shall be null and void"* (emphasis added). In view of the clear mandate of the statute and the obvious purpose of the acknowledgment requirement, which is to prevent a fraudulent acceptance of declination of a nomination, we reject petitioner's contention that the requirement is a matter of mere form and conclude that it comprises an element of prescribed content and thus must be strictly complied with (*Matter of Hutson v Bass, supra;* see, also, *Matter of Frome v Board of Elections of Nassau County,* 57 NY2d 741; *Matter of Alamo v Black,* 51 NY2d 716). We are therefore constrained to agree with Special Term that petitioner's September 9 acceptance was ineffectual and the nomination in question is null and void. We would further note that petitioner's belated attempt to comply with the statute on September 20 is unavailing since the failure to file a timely acceptance certificate has been deemed by the Legislature to be "a fatal defect" (Election Law, § 1-106, subd 2). As in many such cases, the result reached here is unfortunate. However, it has already been observed by the Court of Appeals that strict compliance with the precise requirements of the statute is readily accomplished by the vast majority of nominees and "[i]t is only the careless or inadvertent failure to follow the mandate of statute and case law which gives rise to the complaints that come before us" (*Matter of Higby v Mahoney,* 48 NY2d 15, 20).[*] Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

# (October, 14, 1982)

---

* In an *amicus curiae* brief filed by the New York Civil Liberties Union, the contention is made that respondent's determination violates the First Amendment rights of petitioner and others. As it is apparent that this constitutional argument was not raised in the petition nor considered by Special Term, we will not consider it for the first time on appeal (see, e.g., *Matter of Cooper v Tully,* 79 AD2d 757, 758).