OPINION OF THE COURT
Per Curiam.
In November 1983, petitioner was elected to his fourth four-year term as Justice of the East Greenbush Town Court. As the stipulated facts before the Judicial Conduct Commission show, he immediately launched a campaign within his own political party to ensure his renomination. Petitioner began this campaign by recruiting a friend to serve on the Town Democratic Committee and recommending the friend’s appointment to the party chairman during a fund-raising dinner. When the existing party chairman was replaced by an individual who petitioner believed was antagonistic to his candidacy, petitioner openly advocated the new chairman’s removal, expressing his dissatisfaction with the current leadership to friends, legal clients and the Town Supervisor. Additionally, petitioner held a meeting with the party chairman in his own office and, in the presence of the Town Supervisor and others, asked the chairman to resign.
After petitioner’s efforts to secure the chairman’s resignation proved unsuccessful, petitioner agreed with the Town Supervisor and his friend that an attempt should be made to oust him at the next party caucus. In furtherance of this plan, petitioner sought possible replacement candidates, discussed the manner in which the caucus should proceed, urged friendly party members to attend the caucus and recruited a temporary chairman to conduct the proceedings. Petitioner then personally attended the caucus and took an active role in the ouster effort, nominating the temporary chairman, speak *30 ing about his own dissatisfaction with the party leader and even advocating that an immediate vote be taken when a question was raised concerning the legality of the caucus’ procedure.
On the basis of these facts, the Judicial Conduct Commission unanimously concluded that petitioner’s conduct represented a "callous disregard for the applicable ethical standards” and that, consequently, he should be removed from judicial office. In reaching this determination, the Commission took into account both petitioner’s actions and his asserted position.
We agree with the Commission’s conclusion. Petitioner violated both the letter and spirit of the rules forbidding political activity by Judges (Rules Governing Judicial Conduct, 22 NYCRR 100.7 [c], [d], [e]; Code of Judicial Conduct canon 7 [A] [1] [c]; [2], [4]). Those rules provide that Judges must hold themselves aloof and refrain from engaging in political activity, except to the extent necessary to pursue their candidacies during their public election campaigns.
Far from removing himself from politics, petitioner became involved in partisan political maneuvering immediately after his public campaign for reelection had ended and nearly four years before his next one was to begin. Indeed, petitioner never really terminated his intense political involvement after his election to judicial office, but instead openly engaged in a long-term struggle for control of the local Democratic Party leadership. Moreover, he actively solicited support for his own faction among party members and assumed a partisan stance in the relatively public setting of a party caucus. Such conduct, particularly when coupled with petitioner’s own statements before the Commission concerning his unwillingness to forgo political activity during his tenure as a sitting Judge, reflects insensitivity to the judiciary’s ethical obligations.
Nor can we accept petitioner’s attempts to justify his partisan involvement on the ground that it was necessitated by the political realities that face elected Judges. Notwithstanding that some political activity is necessary in a jurisdiction such as ours, which selects most of its Judges by public election,* *31 the boundaries of permissible political activities are clearly delineated in the Rules Governing Judicial Conduct and the Canons of Judicial Ethics (see, Matter of Rosenthal v Harwood, 35 NY2d 469, 473). Those rules and canons permit Judges to campaign for themselves when they become announced candidates in respect to a presently impending election. Even then the rules only allow active involvement in a political organization under narrowly circumscribed conditions. Petitioner’s ongoing immersion in the affairs of a political party represented a flagrant disregard of ethical restraints. We further note that petitioner was censured on a prior occasion for "ticket fixing.”
Accordingly, the determined sanction of the State Commission on Judicial Conduct should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs.

 The Commission in this case inappropriately relies on Matter of Hayden (41 NJ 443, 197 A2d 353) and Matter of Pagliughi (39 NJ 517, 189 A2d 218), two cases decided in New Jersey, where almost all Judges, including the magistrates involved in the cited cases, are appointed. Obviously, the considerations applicable to appointed Judges cannot govern a situation where Judges must stand for election.