In the Matter of ANTHONY P. MONCAYO, Appellant, v HAROLD WITHERS et al., Constituting the Board of Elections in the County of Suffolk, et al., Respondents.—In a proceeding to invalidate a petition nominating Steven Engelbright as the candidate of the Cut Unreasonable Taxes Party for the public office of member of the Suffolk County Legislature, 5th Legislative District, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 4, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Requirements for filing a candidate's certificate of acceptance are wholly independent and separate from requirements for filing nominating petitions (see, Election Law § 6-146). No one was deceived or injured by the claimed discrepancy in the certificate describing the office as "Suffolk County Legislator in the Fifth District." The only office for which the candidate

had been nominated was that of "County Legislator, 5th Legislative District" (Suffolk County Charter §§ C2-3, C21-4 [B] [5]). His acceptance, setting forth the name of the party which nominated him and the election in which he was a candidate, clearly related to the only nominating petition naming him as a candidate (see, *Matter of Ferguson v Lomenzo,* 57 Misc 2d 1041).

Neither does the use of the dollar symbol in the nominating party's emblem require that the nominating petition be declared invalid. The symbol is not a "representation of a coin or of the currency of the United States" (Election Law § 2-124 [2]). Moreover, even if we were to conclude that the use of such a symbol did contravene the Election Law, the remedy would be to omit the emblem from the ballot, not to invalidate the nominating petition (see, e.g., *Matter of McNulty v May,* 54 AD2d 780). Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.