(October 11, 1996)

■ In the Matter of MARIANNE O. MIZEL, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [648 NYS2d 715] —Per Curiam. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 8, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the certificate of substitution naming petitioner as the Independence Party candidate for the office of Supreme Court Justice for the Third Judicial District in the November 5, 1996 general election.

On September 20, 1996, a certificate of nomination was filed by the Independence Party naming, along with two others, William Soronen as a candidate for the office of Supreme Court Justice for the Third Judicial District in the November 5, 1996 general election. After Soronen officially declined the nomination, a certificate of substitution and acceptance was filed substituting petitioner for the nomination. Thereafter, respondent Thomas C. Hoey filed general and specific objections with respondent New York State Board of Elections challenging the certificate of substitution.

Following a hearing, the Board invalidated the certificate of substitution, finding that it was defective because the acceptance portion thereof failed to specify the judicial district for which petitioner's nomination was applicable. Petitioner commenced the instant proceeding challenging the Board's determination, which Supreme Court dismissed. We now reverse and grant the petition.

Pursuant to Election Law § 6-148 (5), petitioner was only required to give her "written consent to be * * * nominated, duly acknowledged" (*see, Solowitz v Selleck*, 133 AD2d 187). Here, the bottom portion of the certificate of substitution, designated "Acceptance by Substituted Candidate", duly contains such consent. Petitioner's failure to specify that she was accepting the nomination for the office of Supreme Court Justice *in the Third Judicial District* in this consent portion of the certificate of substitution, therefore, is of no moment. Moreover, read as a whole, the single-paged certificate of substitution more than adequately describes the judicial district applicable to the nomination that petitioner was accepting and we discern no probability of confusing the Board with whom it was filed (*see generally, Matter of Liepshutz v Palmateer*, 112 AD2d 1101, 1102, *affd* 65 NY2d 965; *Matter of Belak v Rossi*, 96 AD2d 1011, 1012, *lv denied* 60 NY2d 552). In light of this finding, we need not address petitioner's remaining contentions.

We have considered the remaining issues raised by Hoey and find that they are either without merit or not properly before this Court.

Mikoll, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.