In the Matter of THOMAS J. SPARGO, Appellant, v NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT et al., Respondents. [803 NYS2d 742]—

Rose, J. Appeal from a judgment of the Supreme Court (Colabella, J.), entered December 13, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from enforcing certain provisions of the Rules of Judicial Conduct.

Respondent New York State Commission on Judicial Conduct (hereinafter the Commission) charged petitioner, formerly a Town Justice in the Town of Berne and now a Supreme Court Justice, with certain violations of the Rules of Judicial Conduct (22 NYCRR part 100 [hereinafter the rules]). The charges allege that, among other things, petitioner impermissibly offered ap-

proximately $2,000 worth of refreshments and coupons to potential voters in an effort to secure votes, engaged in prohibited political activities, including participation in a demonstration at a Florida board of elections during the 2000 presidential election recount, engaged in fund-raising for the Monroe County Conservative Party, and made $5,000 payments to politicians whose party endorsements he sought. He was also charged with improperly soliciting funds for his legal defense against the Commission's charges from attorneys appearing before him in Supreme Court.

The Commission asserted that petitioner's conduct violated 22 NYCRR 100.1 (a judge must observe "high standards of conduct . . . so that the integrity and independence of the judiciary will be preserved"), 100.2 (A) (a judge must "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary"), 100.5 (A) (1) (c)-(g) (a judge or judicial candidate must not engage in "any partisan political activity" such as endorsing candidates, making speeches or attending political gatherings in a campaign for public office by anyone other than himself or herself), and 100.5 (A) (4) (a) (a judge or judicial candidate "shall maintain the dignity appropriate to judicial office" and act "consistent with the integrity and independence of the judiciary"). Petitioner disputed the charges and challenged the constitutionality of the rules by, among other means, commencing this CPLR article 78 proceeding in the nature of prohibition. Supreme Court ultimately dismissed the petition on the ground that petitioner failed to establish a clear legal right to the relief requested. Petitioner appeals.

To the extent that petitioner challenges 22 NYCRR 100.5 (A) (1) (c)-(g) on the grounds that its provisions restrain his exercise of free speech and deny him equal protection with other candidates for public office, we need only note that these arguments have been considered and rejected by the Court of Appeals (*see Matter of Raab*, 100 NY2d 305, 312-313 [2003]; *Matter of Maney*, 70 NY2d 27, 30-31 [1987]). In *Matter of Raab* (*supra*), the Court found that subparagraphs (c)-(g) do not violate the right of free speech because they are narrowly drawn to achieve the overriding state interest in maintaining judicial impartiality by prohibiting only ancillary political activity and not activity in aid of the judicial candidate's own campaign (*id.* at 315-316). The Court also rejected the equal protection argument, finding that judges and judicial candidates are not similarly situated with other publicly elected officials (*id.* at 316).

Petitioner also contends that 22 NYCRR 100.1, 100.2 (A) and

100.5 (A) (4) (a) impermissibly restrict judges and judicial candidates from freely and fully participating in the political process, and that the rules are unconstitutionally vague because they fail to define key words and phrases such as "integrity and independence." Again, the Court of Appeals has resolved this issue. It upheld the restrictions imposed by similar language in a former version of the rules and held that such language is sufficiently definite to permit disciplinary action (*see Matter of Sims*, 61 NY2d 349, 358 [1984]). Moreover, contrary to petitioner's claim, he had access to ample interpretive guidance in the past opinions of the Advisory Committee on Judicial Ethics and the availability of a specific advisory opinion from that committee (*see Arnett v Kennedy*, 416 US 134, 160 [1974]; *Burrus v Vegliante*, 336 F3d 82, 91 [2d Cir 2003]). Accordingly, Supreme Court correctly determined that petitioner cannot establish a clear legal right to a writ of prohibition (*see Matter of Nicholson v State Commn. on Jud. Conduct*, 50 NY2d 597, 605-606 [1980]).

We have considered petitioner's remaining contentions, including his conclusory claims that the Commission itself is unconstitutional and is enforcing the rules in a discriminatory manner, and find them to be equally without merit.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that judgment is affirmed, without costs.