Fourth Department, October, 2007

(October 26, 2007)

■ In the Matter of Clarence L. Carnahan, Appellant, v Dennis E. Ward et al., as Commissioner of Board of Elections, Erie

County, Respondents, et al., Respondents, and ANDREW M. CUOMO, as Attorney General of the State of New York, Intervenor-Respondent. [848 NYS2d 458]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered October 3, 2007. The order dismissed the petition seeking, inter alia, to direct respondents Dennis E. Ward and Ralph M. Mohr, as Commissioners of Board of Elections, Erie County to place petitioner's name on the ballot for the general election for the office of Niagara District Councilman.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition seeking, inter alia, to direct respondent Commissioners of the Board of Elections to place petitioner's name on the ballot for the general election for the office of Niagara District Councilman as the candidate of the "Savages" party. We affirm. It is undisputed that petitioner failed to file a timely certificate of acceptance, and that failure renders his designation "null and void" (Election Law § 6-146 [1]; *see Matter of Rhodes v Salerno*, 90 AD2d 587 [1982], *affd* 57 NY2d 885 [1982]). Contrary to the contention of petitioner, Election Law § 6-146 (1) does not violate his constitutional right to equal protection. The requirement that a candidate nominated by an independent body file a certificate of acceptance imposes only a minimal burden on independent candidates and small political parties and is rationally related to the State's interest in "preventing election fraud" (*Unity Party v Wallace*, 707 F2d 59, 63 [1983]). With respect to the contention of petitioner that his equal protection rights are violated in that judicial candidates are not required to file a certificate of acceptance, we note that "judges and judicial candidates are not similarly situated" with nonjudicial candidates (*Matter of Spargo v New York State Commn. on Jud. Conduct*, 23 AD3d 808, 809 [2005]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.