[896 NE2d 658, 867 NYS2d 23]

In the Matter of INEZ D. BARRON et al., Respondents, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Appellant.

Argued August 26, 2008; decided September 4, 2008

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Pamela Seider Dolgow, Stephen Kitzinger* and *John Hogrogian* of counsel), for appellant.

*Aaron D. Maslow,* Brooklyn, for respondents.

*Todd S. Valentine,* Albany, for State Board of Elections, amicus curiae.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, without costs, and the petition dismissed.

On April 8, 2008, Member of Assembly Diane Gordon representing the 40th Assembly District in Kings County was convicted of various felonies, and by operation of law her office became vacant (Public Officers Law § 30 [1] [e]). On April 16, 2008, the State Board of Elections certified the vacancy, for a term ending December 31, 2008, to the Board of Elections in the City of New York.

Respondent Inez D. Barron, who was circulating designating petitions as candidate for the office of Member of Assembly for the 40th Assembly District for the term commencing January 1, 2009, also circulated petitions for the vacancy term ending December 31, 2008 of the same office. After learning that the Board did not intend to conduct an election to fill the term created by the vacancy, Barron and two candidates commenced a special proceeding, pursuant to Election Law §§ 16-100 and 16-104, to compel the Board to conduct primary and general elections to fill the vacancy term ending December 31, 2008.

Supreme Court, after a hearing, ordered the Board to conduct primary and general elections to fill the vacancy. In addition, the court set July 2, 2008 as the starting date for the circulation of designating petitions to eliminate the perceived unfair head start Barron had in acquiring signatures. The Appellate Division affirmed the order requiring the simultaneous elections but modified the date for commencement of the circulation of designating petitions to June 3, 2008, consistent with Election Law § 6-134 (4) and § 6-158 (1). We now reverse.

Public Officers Law § 42 (1) states the general rule for the filling of vacancies. It provides:

> "A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the offices of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election."

Public Officers Law § 42 (4) further provides a special rule applicable only to members of Congress, state senators and assembly members:

> "A special election shall not be held to fill a vacancy in the office of . . . member of assembly, unless the vacancy occurs before the first day of April of the last year of the term of office, or unless the vacancy occurs . . . after such first day of April and a special session of the legislature be called to meet between such first day of April and the next general election or be called after September nineteenth in such year. If a special election to fill an office shall not be held as required by law, the office shall be filled at the next general election."

Although subdivision (1) generally provides for the filling of vacancies at the next general election if the vacancy occurs before September 20th, subdivision (4) modifies the general rule for vacancies occurring in the office of Member of Assembly. Under subdivision (4), a special election to fill a vacancy occurring in such office can be held only in limited circumstances and if such special election is not held as required by law, the office—meaning the new upcoming Assembly term, not the vacancy—shall be filled at the next general election.

Our holding is consistent with the intent of Public Officers Law § 42. Historically, the Legislature recessed or adjourned its

regular session before April first of each year—the end of the fiscal year (*see* Zimmerman, Government and Politics of New York State, at 122 [1981]). While longer legislative sessions are commonplace today, they were rare when the predecessor to section 42 (4) was enacted in 1896 (L 1896, ch 909, as amended). The wording of the section has remained unchanged in the intervening years. Thus, unless a special session of the Legislature is called—in which case a special election would be authorized under subdivision (4)—the language of the statute indicates that the Legislature intended to allow a vacancy in the office of Member of Assembly occurring after April first in the last year of a term of office to remain unfilled for the remainder of the unexpired term, since no additional business was contemplated for the remainder of the year. Indeed, it would be anomalous to require the Board of Elections to assume the burden and expense of simultaneously conducting a regular general election for the term commencing January first and a separate general election to fill the vacancy for the last two months of the year (particularly when the statute potentially leaves the office vacant for a period of up to seven months).

Here, the vacancy occurred after April first in the last year of the term of office; accordingly, Public Officers Law § 42 (4) applies. In other words, the office will remain vacant for the remainder of the unexpired term but will be filled at the next general election by the successful candidate running for the regular term of office commencing January first of the following year.

Respondent's argument that the words "term," "office" and "vacancy" are used by the Legislature interchangeably in the statute is unpersuasive. In subdivisions (1) and (4), the Legislature used the word "vacancy" to refer to the unexpired term of office as a result of a vacancy (*see* Public Officers Law § 42 [1], [4]). However, elsewhere in the statute, the word "office" clearly refers to the position—in this case, Member of the Assembly for the 40th District—not the unexpired term. Thus, in specifying in subdivision (4) that "the office shall be filled at the next general election," the Legislature was not directing a separate election for the unexpired term (*see* Public Officers Law § 42 [4]). Rather, it was indicating that none of the triggers for a special election to fill the vacancy having occurred, the position would be filled in the usual course with the successor assuming office on January first at the commencement of the next legislative term.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.