■ In the Matter of GLEN HOCKLEY, Respondent, v WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Appellants. [886 NYS2d 642]—

In a proceeding, in effect, pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Glen Hockley as the candidate of an independent body known as "People Over Politics" in an election to be held on November 3, 2009, for the public office of Mayor of the City of White Plains, the appeal is from a final order of the Supreme Court, Westchester County (Nicolai, J.), dated September 10, 2009, which, after a hearing, in effect, granted the petition, inter alia, to validate, and directed the Westchester County Board of Elections to place the petitioner's name on the appropriate ballot.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to validate is denied, the proceeding is dismissed, and the Westchester County Board of Elections is directed to remove the petitioner's name from the appropriate ballot.

A candidate "designated or nominated for a public office other than a judicial office . . . by an independent body . . . shall, in a certificate signed and acknowledged by him, and filed as provided in [Election Law art 6], accept the designation or nomination as a candidate of each such . . . independent body . . . otherwise such designation or nomination shall be null and void" (Election Law § 6-146 [1]).

Although the record indicates that the petitioner candidate personally solicited and witnessed many of the signatures contained in the nominating petition and personally filed that petition with the Westchester County Board of Elections, it is undisputed that the petitioner failed to file a certificate of acceptance. This failure to file the required certificate constituted a "fatal defect" (Election Law § 1-106 [2]), and "the judiciary is foreclosed from fashioning any exceptions to this requirement, however reasonable they might appear" (*Matter of Irvin v Sachs*, 129 AD2d 827, 828 [1987]; *see Matter of Rhodes v Salerno*, 57 NY2d 885, 887 [1982]; *Matter of Carr v New York State Bd. of Elections*, 40 NY2d 556, 558-559 [1976]; *Matter of Carnahan v Ward*, 44 AD3d 1249, 1250 [2007]; *Matter of Pasquerella v Sunderland*, 207 AD2d 515 [1994]; *Matter of Sheehan v Aylward*, 84 AD2d 602, 603 [1981]). Accordingly, the petition, inter alia, to validate should have been denied and the proceeding should have been dismissed. Rivera, J.P., Florio, Miller and Hall, JJ., concur.