■ In the Matter of MICHAEL T. MEEHAN et al., as Aggrieved Candidates, Appellants, v GIOVANNA GIUNTA, as the Manorhaven

Revival Party Candidate for the Office of Mayor of the Incorporated Village of Manorhaven, et al., Respondents, et al., Respondents. [902 NYS2d 195]—

In a proceeding, inter alia, pursuant to Election Law § 16-102 to invalidate an independent nominating petition nominating Giovanna Giunta as the candidate of the independent body known as the "Manorhaven Revival Party" for the public office of Mayor of the Incorporated Village of Manorhaven, and nominating Dorit Zeevi-Farrington and Mark Lazarovic as the candidates of that independent body for the public office of Member of the Board Trustees of the Incorporated Village of Manorhaven, respectively, in an election to be held on June 15, 2010, the petitioners appeal from a final order of the Supreme Court, Nassau County (Marber, J.), dated June 1, 2010, which denied the petition and dismissed the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, the proceeding is reinstated, the petition to invalidate the independent nominating petition is granted, and the Clerk of the Incorporated Village of Manorhaven is directed to remove the names of Giovanna Giunta, Dorit Zeevi-Farrington, and Mark Lazarovic from the appropriate ballots.

A candidate "designated or nominated for a public office other than a judicial office . . . by an independent body . . . shall, in a certificate signed and acknowledged by him [or her], and filed as provided in [Election Law article 6], accept the designation or nomination as a candidate of each such . . . independent body . . . otherwise such designation or nomination shall be null and void" (Election Law § 6-146 [1]).

Here, it is undisputed that Giovanna Giunta, Dorit Zeevi-Farrington, and Mark Lazarovic (hereinafter collectively the respondents) did not acknowledge the certificates of acceptance they filed with the Clerk of the Incorporated Village of Manorhaven. The respondents contend that the requirement in Election Law § 6-146 (1) that certificates of acceptance be acknowledged does not apply to acceptances required to be filed in a village election (see Election Law § 15-108 [8] [b]), since Election Law article 15, which governs village elections, contains no express requirement that acceptances be acknowledged. However, village elections are not governed exclusively by Election Law article 15. Rather, the remaining provisions of the Election Law "not inconsistent" with article 15 continue to apply in village elections (Election Law § 15-100). Since the

requirement in Election Law § 6-146 (1) that a certificate of acceptance must be acknowledged by the candidate is not inconsistent with the provisions of Election Law article 15, the respondents were required to acknowledge their respective certificates of acceptance and, since they did not, the certificates of acceptance were invalid (*see Matter of Bunger v Berger*, 196 AD2d 867 [1993]; *Matter of Rhodes v Salerno*, 90 AD2d 587 [1982]).

The parties' remaining contentions are without merit. Dillon, J.P., Miller, Eng and Chambers, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31390(U).]**