■ In the Matter of CLIFTON DIXON, Appellant, v MATTHEW J. CLYNE et al., as Commissioners of the Albany County Board of Elections, Respondents. [928 NYS2d 483]—

Per Curiam.

---

Petitioner filed a designating petition purporting to nominate him as an Independence Party candidate for the office of Albany County Legislator for the 3rd Legislative District in the primary election to be held on September 13, 2011. As such, he was required to file a properly executed certificate of acceptance with the Albany County Board of Elections no later than July 18, 2011 (*see* Election Law § 6-146 [1]; § 6-158 [2]). He failed to do so, resulting in the Board declaring the designation to be null and void (*see* Election Law § 1-106 [2]; § 6-146 [1]). Petitioner thereafter commenced this proceeding to compel his inclusion on the primary ballot and, following joinder of issue, Supreme Court dismissed the petition.

Petitioner appeals and we affirm. Election Law § 6-146 (1) is facially constitutional and, contrary to petitioner's argument, we are unpersuaded that it offends his rights to due process or equal protection under the facts of this case (*see* US Const, 14th Amend, § 1; *Unity Party v Wallace*, 707 F2d 59, 61-64 [2d Cir 1983]; *Matter of Carnahan v Ward*, 44 AD3d 1249, 1250 [2007]). As Supreme Court aptly noted, petitioner was not misled into believing that no additional paperwork was required when he filed his designating petition (*cf. Hirschfeld v Board of Elections in City of N.Y.*, 799 F Supp 394, 394-395 [SD NY 1992]; *Williams v Sclafani*, 444 F Supp 906, 911-914 [SD NY 1978], *affd sub nom. Williams v Velez*, 580 F2d 1046 [2d Cir 1978]). Indeed, he was well aware that a certificate of acceptance was required, and admittedly inquired into its whereabouts before receiving the Board's correspondence advising him of the requirement. Supreme Court thus correctly dismissed the petition (*see Matter of Rhodes v Salerno*, 90 AD2d 587, 588 [1982], *affd* 57 NY2d 885 [1982]; *Matter of Sheehan v Aylward*, 84 AD2d 602, 603 [1981], *affd* 54 NY2d 934 [1981]).

Petitioner's remaining arguments have been considered and, to the extent they are properly before us, found to be without merit.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.