*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 21, 2014                    519489
_____

In the Matter of MARY MAHER
    et al.,
                    Respondents,

        v

NEW YORK STATE BOARD OF
    ELECTIONS,                              MEMORANDUM AND ORDER
                    Respondent,
        and

DANIEL CASTRICONE,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                    _____


        Daniel Castricone, Tuxedo, appellant pro se.

        James Walsh, Schenectady, for Mary Maher and another,
respondents.

                    _____


Per Curiam.

        Appeal from an order of the Supreme Court (Maney, J.),
entered August 11, 2014 in Albany County, which, among other
things, granted petitioners' application, in a proceeding
pursuant to Election Law § 16-102, to declare invalid the
designating petition naming respondent Daniel Castricone as the
Conservative Party candidate for the public office of Member of
the Assembly for the 98th Assembly District (Full Term) in the

September 9, 2014 primary election.

In January 2014, the former Member of the Assembly for the 98th Assembly District began serving in another elected capacity, thereby creating a vacancy in that office. Two months later, respondent New York State Board of Elections certified two offices to be filled relative to this Assembly seat at the November 2014 general election – one for the unexpired term created by the subject vacancy and one for a full two-year term. Respondent Daniel Castricone (hereinafter respondent), who is not a member of the Conservative Party, thereafter circulated designating petitions indicating that he was seeking the nomination of the Conservative Party for the office of Member of the Assembly for the 98th Assembly District (Full Term) and the office of Member of the Assembly for the 98th Assembly District (To Fill Vacancy for Remainder of Term). On July 14, 2014, shortly after the period in which to collect signatures concluded, the State Conservative Party filed two separate certificates authorizing respondent as a candidate for the offices at issue. Although respondent insists that he thereafter filed two certificates of acceptance – one for each office – the State Board has only one certificate of acceptance on file, in which respondent acknowledges his acceptance of his designation as the Conservative Party candidate for the office of "NY Assembly 98th District New York to fill vacancy for remainder of term."

In the interim, on or about June 19, 2014, the State Board issued a directive wherein it opined that inasmuch as no special election had been called by the Governor to fill the vacancies existing in various State Senate and Assembly seats (see Public Officers Law § 42 [4]), including the one at issue here, "such office should be filled at the upcoming General Election and the office should appear only ONCE on the ballot, for the full term." Hence, at the time that respondent began circulating his designating petitions, there was but one office to be filled – Member of the Assembly for the 98th Assembly District for the

full two-year term.[1]

Petitioners thereafter commenced this proceeding pursuant to Election Law § 16-102 seeking to declare invalid the designating petition naming respondent as the Conservative Party candidate for the office of Member of the Assembly for the 98th Assembly District (Full Term) in the September 9, 2014 primary election, citing respondent's allegedly defective certificate of acceptance.[2]  The parties agreed to forgo a hearing and, after reviewing the parties' submissions and the relevant documentary evidence, Supreme Court, among other things, declared respondent's designating petition to be null and void and restrained the State Board from placing his name on the primary election ballot as the Conservative Party candidate for the office of Member of the Assembly for the 98th Assembly District (Full Term).  This appeal by respondent ensued.

Pursuant to Election Law § 6-134 (1), "[i]f two or more offices having the same title are to be filled for different terms, the terms of office shall be included as part of the title of the office" on the underlying designating petition.  No corresponding requirement, however, appears in Election Law § 6-146, which governs the declination or acceptance of a party nomination or designation.  Rather, the statute requires only that where, as here, an individual is "designated or nominated

---

[1]  The first day to collect signatures with respect to a petition designating a candidate for an office to be filled at a state or local primary election was May 29, 2014, and it appears that respondent's representatives began collecting signatures for him on June 15, 2014.  The record does not reflect whether respondent and/or his representatives thereafter became aware of the State Board's June 19, 2014 directive.

[2]  Respondent thereafter commenced a proceeding in Orange County seeking an order validating his designating petition. Upon the parties' consent, the two proceedings were joined and, after being advised that the State Board had validated respondent's designating petition, respondent's petition to validate was withdrawn.

for a public office other than a judicial office by a party of which he [or she] is not a duly enrolled member, . . . such person shall, in a certificate signed and acknowledged by him [or her], and filed as provided in [Election Law article 6], accept the designation or nomination as a candidate of . . . such party . . ., otherwise such designation or nomination shall be null and void" (Election Law § 6-146 [1]).  Having reviewed the cited statutes, we find that the requirements governing the execution and filing of a certificate of acceptance under Election Law § 6-146 (1) are separate and distinct from the rules governing the form and content of a designating petition as set forth in Election Law § 6-134 (1) (cf. Moncayo v Withers, 154 AD2d 598, 598 [1989], lv denied 74 NY2d 614 [1989]) and, therefore, respondent was not required to include – on his certificate of acceptance – the term of the office that he was seeking.

Nor are we persuaded that the inclusion of such information invalidated respondent's certificate of acceptance.  Inasmuch as Election Law § 6-146 (1) did not require respondent to specify the term of the office at issue (cf. Matter of Conklin v Canary, 112 AD2d 1062, 1062 [1985], affd 65 NY2d 952 [1985]), the inclusion of such information was mere surplusage, and any error in this regard does not afford a basis upon which to invalidate respondent's designating petition (cf. Matter of Finn v Sherwood, 87 AD3d 1044, 1046 [2011] [erroneous reference to general rather than primary election did not warrant invalidation of designating petition]; Matter of Reagon v LeJeune, 307 AD2d 1015, 1015 [2003] [same]) – particularly in view of the fact that there could be no confusion as to the office for which respondent was filing his acceptance (cf. Matter of Mizel v New York State Bd. of Elections, 232 AD2d 721, 722 [1996]).[3]  Notably, there is no

---

[3]  The State Board was required to certify the offices to be filled at the November 2014 general election at least eight months prior thereto (see Election Law § 4-106 [1]), and if any such office is for an unexpired term, to so state (see Election Law § 4-106 [3]).  Hence, at the time that the State Board filed such certification in March 2014, there indeed were two offices to be filled for Member of the Assembly for the 98th Assembly District.  However, once the Governor elected not to call a

dispute that respondent's certificate of acceptance was duly acknowledged (compare Matter of Meehan v Giunta, 74 AD3d 972, 973-974 [2010]; Matter of Bunger v Berger, 196 AD2d 867, 868 [1993], lv denied 82 NY2d 656 [1993]; Matter of Rhodes v Salerno, 90 AD2d 587, 587-588 [1982], affd 57 NY2d 885 [1982]) and timely filed (compare Matter of Dixon v Clyne, 87 AD3d 812, 813 [2011], appeal dismissed 17 NY3d 824 [2011]; Matter of Hockley v Westchester County Bd. of Elections, 66 AD3d 898, 899 [2009], lv denied 13 NY3d 710 [2009]; Matter of Carnahan v Ward, 44 AD3d 1249, 1250 [2007]), and no defect in the manner of filing has been alleged (compare Matter of Gentner v Albany County Bd. of Elections, 309 AD2d 962, 963-964 [2003]). Accordingly, in light of the fact that the certificate of acceptance set forth respondent's name and address, identified the relevant political party, specified the office for which he was accepting the underlying designation and was duly notarized, we discern no valid basis upon which to invalidate respondent's designating petition (see Matter of Finn v Sherwood, 87 AD3d at 1045-1046). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.

---

special election with respect thereto, as acknowledged by the State Board in its June 2014 directive, there was only one "office" to be filled for Member of the Assembly for the 98th Assembly District, "meaning the new upcoming Assembly term, not the vacancy" (Matter of Barron v Board of Elections in City of N.Y., 11 NY3d 745, 747-748 [2008]), which "shall be filled" at the November 2014 general election (Public Officers Law § 42 [4]).

ORDERED that the order is reversed, on the law, without costs, petition dismissed and the designating petition at issue herein naming respondent Daniel Castricone as the Conservative Party candidate for the public office of Member of the Assembly for the 98th Assembly District is declared valid.

ENTER:

Robert D. Mayberger
Clerk of the Court