Matter of Garvey v Zebrowski (2024 NY Slip Op 04536)

Matter of Garvey v Zebrowski

2024 NY Slip Op 04536

Decided on September 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-08492
 (Index No. 34755/24)

[*1]In the Matter of Lawrence Garvey, etc., et al., appellants,
v
Linda Zebrowski, etc., et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of nomination naming Keith Braunfotel as the candidate of the Democratic Party for the public office of Town Justice of the Town of Clarkstown in a general election to be held on November 5, 2024, the petitioners appeal from a final order of the Supreme Court, Rockland County (Hal B. Greenwald, J.), dated August 26, 2024. The final order denied the petition, inter alia, to invalidate the certificate of nomination and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On June 21, 2024, before the end of his term of office, David M. Ascher, one of the Town Justices of the Town of Clarkstown, tendered his resignation. On July 17, 2024, the Clarkstown Democratic Committee (hereinafter the Committee) met and nominated Keith Braunfotel as its candidate for the vacancy (see Public Officers Law § 30[1][b]; Matter of Barron v Board of Elections in City of N.Y., 11 NY3d 745, 746). Lauren Marie Wohl, the Town Clerk, filed a certificate of vacancy with the Rockland County Board of Elections (hereinafter the BOE) on July 23, 2024, and the Committee filed a certificate of nomination with the BOE on July 24, 2024, naming Braunfotel as the candidate of the Democratic Party for the public office of Town Justice in a general election to be held on November 5, 2024.
On August 1, 2024, the petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the certificate of nomination naming Braunfotel as a candidate for the office of Town Justice, arguing that Braunfotel had been prematurely nominated. Braunfotel, Linda Zebrowski, Monica Ferguson, and Emily King filed an affirmation in opposition to the petition, contending, among other things, that the certificate of nomination was timely. In a final order dated August 26, 2024, the Supreme Court denied the petition, inter alia, to invalidate the certificate of nomination and dismissed the proceeding. The petitioners appeal.
The Supreme Court properly determined that the certificate of nomination was valid. The Election Law requires that a certificate of vacancy be filed prior to the filling of the vacancy at the next general election (see Election Law § 4-106[4]; Matter of Montal v Koplen, 220 AD3d 824, 827). Here, the certificate of vacancy was filed with the BOE on July 23, 2024, and the certificate of nomination was filed the following day (see Matter of Williams v McDonough, 44 AD3d 1087, 1088; see also Matter of Valentine v Greene, 27 NY2d 662, 663).
The petitioners' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court